# HARDIN & WILLIAMS *vs.* SWOOPE ET AL.

[BILL IN EQUITY TO SET ASIDE SALE OF LAND, &C.—MULTIFARIOUSNESS.]

*Bill in equity ; when multifarious.*—Presley W. Hardin and John Williams, being indebted to Eliz. T. Swoope, a married woman, by two promissory notes, one made by Hardin & Williams, and the other by Williams & Hardin, sold their lands ; the said Hardin sold and conveyed his lands to one Wm. C. Phillips, and the said Williams sold and conveyed his lands to his four children ; thereupon said Eliz. T. and her husband, as her trustee, filed their bill against said Hardin and Phillips, and said Williams and his children, and charge that said Hardin and Williams were, both of them, insolvent ; that said sales were made with the intent to hinder, delay, and defraud creditors, and void as to said Eliz. T. ; and prayed that said sales might be set aside and declared fraudulent, and the said lands be decreed to be sold, and the said debts paid out of the proceeds, &c.—*Held,* that said bill was multifarious ; that said sales were distinct and independent transactions, or matters, and that the parties to said sales were separate and different parties, having no connection the one with the other, and, therefore, could not be united as defendants in one and the same bill.

APPEAL from the Chancery Court of Lauderdale.
Heard before Hon. WM. SKINNER.

R. O. PICKETT, for appellant.—The bill is plainly multifarious, and the demurrer should have been sustained. It plainly seeks to join in one bill distinct and independent matters, having no necessary connection with each other. It does not make out even a *prima-facie* case of a community of interest ; but is designed to enforce distinct rights, unconnected, and having no relation to each other. Phillips, the purchaser from Hardin, is in no way interested or connected with the sale by Williams to his children, and *vice versa,* &c. The defense of all the defendants "do not center in the same issue." This is at last the test. The court can look only to the answer in determining this. The following authorities sustain the above argument. 23 Ala. 558 ; 18 Ala. 439 ; Story's Eq. Plead., §§ 271–8–9 ;

Mitford's Equity, 181; 1 Daniel Chan. Prac. 379; 18 Vesey, 80; 17 Ala. 418; 5 Paige, 65; 10 Ohio, 456; 3 Howard, 40; 42 Ala. 279; 5 Ala. 342; 2 Ala. 571; 16 Ala. 89.

DAVID P. LEWIS, and E. A. O'NEAL, *contra.*—Tested by the true principles of equity jurisprudence, the bill is not multifarious. The bill shows that the different defendants claim different and separate parts of the property sought to be recovered, through the very same title which complainant asserts. They may all unite on common grounds of defense. It was, therefore, proper to join the defendants. It is not every case, where common interest and common liability are not shown, that is multifarious. *Waller v. Taylor,* 42 Ala. 297; *Halstead v. Shephard,* 23 Ala. Rep. 558; *Campbell v. McKay,* 13 English Chancery, 543, 544.

In case of dismissal, the court must dismiss without prejudice.—42 Ala. 297.

PECK, C. J.—The question that first presents itself for consideration on this record, arises on the demurrers and pleas of the defendants to the bill of complaint of the appellees for multifariousness, in improperly joining therein distinct and independent matters.

In disposing of this question, we can only look to the bill, without reference to the answers or proof.—*Halstead et al. v. Shephard,* 23 Ala. 558.

So much of the bill as seems necessary to a proper understanding of this question, may be briefly stated as follows: 1st. The complainant, Elizabeth T. Swoope, claims to be the owner of two promissory notes, one for $2,400, made by the defendants, John Williams and Presley W. Hardin, dated the 4th day of September, 1860, payable, presently, to one John Peters, or order; the other for $3,800, made by said Presley W. Hardin and John Williams, dated the 1st day of August, 1860, and payable to said Peters one day after date; credited the 19th day of July, 1866, with $3,500.

2d. That both said Hardin and Williams, before the late civil war, were men of large estates, and of good credit,

but that the results of said war left them much indebted, and ever since they have been, and still are, wholly unable to pay their debts, and are utterly insolvent; that they were, each of them, possessed of considerable bodies of valuable lands, but that said lands, and all their other property, are wholly inadequate to pay off the large debts which they then owed, and still owe.

3d. That on the 4th day of June, 1867, the said Presley W. Hardin and his wife made a deed of conveyance to the said defendant, William C. Phillips, of all his lands (describing them), containing eleven hundred and twenty acres, being the plantation on which he then resided, and still resides; that said deed purports to be a sale of said lands, for the sum of six thousand seven hundred and twenty dollars, cash in hand paid, &c.

The bill charges that said sale was a mere pretense, was wholly fictitious and simulated; that no money was, in fact, paid, and that the same was a mere device of covin and fraud, to keep the said lands from being made liable to the said Hardin's debts, and to enable him to defraud his creditors, &c.

4th. That the said John Williams and his wife, on the 4th day of June, 1867, made four deeds of conveyance, one to each of his children, the said defendants, Presley S. Williams, Phebe C. Blair, Andrew J. Williams, and Benjamin F. Williams, by which he conveyed separate portions of his lands to each of said children, said deeds including all of his lands, some twelve or fifteen hundred acres or more. The consideration in each one of said deeds is stated to be two thousand and thirty dollars, and paid as follows: Eleven hundred and ninety-five dollars, the interest of each one of said children in the estate of their deceased brother, Simpson Williams, in the hands of said John Williams, and eight hundred and thirty-five dollars paid by each one in cotton and corn, &c. The bill charges that the said deeds of conveyance, all and every one of them, are fraudulent in law, and void as to said complainants; that the considerations were simulated, and not real; that nothing was, in fact, paid; that the money

pretended to be due to the estate of Simpson Williams was simulated and fraudulent, and that the whole arrangement was a mere device of covin and fraud to defeat the satisfaction of the debts of the said John Williams.

5th. The bill prays that said conveyances, so made by the said Hardin and the said Williams, may be decreed to be fraudulent and void, as against the said Elizabeth T. Swoope, and that her said debts may be paid and satisfied by a sale of said lands; and that if the special relief prayed is not the relief to which said complainant is entitled, on the facts of the case, the proper relief may be decreed in the premises.

The foregoing statements, separated from the other matters contained in the bill, not relevant to the present question, will enable us the better to comprehend and understand the objection of multifariousness made by the defendants in this case. But, in the first place, let us see what the books teach us constitutes multifariousness, as that term is understood in proceedings in equity.

By multifariousness is meant the improperly joining, in one bill, distinct and independent matters against one defendant, or of several matters, of a distinct nature, against several defendants, in the same bill.—Story's Eq. Pleading, § 271.

It is a rule of equity, that if two or more distinct subjects be embraced in the same bill, it is multifarious. 1 Daniel's Pl. & Pr. 283. So, where a party is brought as a defendant, upon a record, with a large portion of which, and of the case made by it, he has no connection, the bill will be held to be multifarious.—Ib. 365.

So, again, where different matters, having no connection with each other, are joined in a bill against several defendants, a part of whom have no interest in, or connection with, some of the distinct matters for which the suit is brought, a demurrer to the bill for multifariousness will be sustained, and the bill will be dismissed.—*Waller et al. v. Taylor, Administrator*, 42 Ala. 297. And so, too, a bill is multifarious where several defendants are charged with distinct wrongful acts, relative to different slaves, to which

the complainant has an equitable title, although the title is the same to all the slaves ; and even a general charge of fraudulent combination between the several defendants, is not sufficient to authorize a joint suit.—*Meacham v. Williams et al.*, 9 Ala. 842.

Judged by these authorities, this bill is clearly multifarious. Courts of equity are anxious, as far as practicable, to preserve some analogy to the comparative simplicity of proceedings at common law, and thus to prevent confusion in their pleadings, as well as in their decrees.—Story's Eq. Pl., § 271. They are also averse to multiplicity of suits ; notwithstanding, a defendant has a right to insist that he is not bound to answer a bill containing several distinct and separate matters, relating to individuals with whom he has no connection.—1 Daniel's Pl. & Pr. 385.

In this case, the sale and conveyance made by Presley W. Hardin and wife of his lands to William C. Phillips, is one transaction, one matter, and the sales and conveyances made by John Williams and wife of his lands to his children, are altogether another and a different transaction, or matter ; the two transactions are separate and independent, and have no connection or reference the one to the other.

The parties to the transaction are, none of them, parties or privies to the other, nor is there any common interest or connection between the respective parties to these separate and different transactions. Williams and his children have no interest in the lands bought by Phillips of Hardin, nor have Hardin and Phillips any interest in the lands sold and conveyed by Williams to his children, nor is there in the bill any charge of combination or confederacy between these several parties to hinder, delay, or defraud the complainant, the said Elizabeth T. Swoope, in the collection of her debt, or of the creditors generally of the said Hardin and Williams, or of either of them ; and such a charge, if made, would not, on the authority of the case of *Meacham v. Williams et al., (supra,)* avoid this objection. Where a party is able to say he is brought as a defendant, upon a record, with a large portion of which, and of the

case made by it, he has no connection, the bill is multifarious.—1 Daniel's Pl. & Pr., *supra*. This can be said in this case by Hardin and Phillips, as to the sales and conveyances made by Williams to his children, and by Williams and his children as to the sale and conveyance made by Hardin to Phillips; therefore, these two different and separate transactions, or matters, can not be embraced in the same bill; and to impeach them on the score of fraud, the complainants must file separate bills, one to set aside the sale made by Hardin to Phillips, and another to set aside the sales made by Williams to his children; they can not both be embraced in the same bill without violating and disregarding the well settled rules of equity pleading.

For these reasons, the chancellor should have sustained the demurrers and pleas of the defendants to the complainants' bill of complaint; and as no escape from this objection of multifariousness can be effected by any permissible amendment of the present bill, it must be dismissed, and the decree rendered here that should have been rendered in the court below.

As to the merits of this case, whether the said sales and conveyances by the said Hardin and Williams, respectively, were made in good or bad faith, or upon good and sufficient considerations, and for honest purposes, or the contrary, we carefully refrain from the expression of any opinion, as, otherwise it might have an improper influence upon any future litigation that may grow out of these matters between the present parties, or any of them.

Let the decree of the court below be reversed, and the bill of complaint be dismissed without prejudice. The appellees will pay the costs in this court and in the court below.