101  193
e139  486

# Page et al. v. Bartlett et al.

*Bill in Equity for Final Settlement of Estate, and to charge Estate of Sureties for devastavit by administrator.*

1. *Statute of non-claim; operation against claim for devastavit.*—On the death of an administrator, not having made a final settlement of his trust, and being indebted to the estate for the loss or destruction of property intrusted to him, his devastavit constitutes such a breach of his administration bond as to make it an accrued claim against his sureties thereon, and the running of the statute of non-claim is, at once, put into operation.

2. *Same; presentment.*—The presentment of a claim, as contemplated by the statute of non-claim (Code, §2081), can only be made by a party interested in the claim; and the nature and amount of the

[Page et al. v. Bartlett et al.]

claim must be brought to the attention of the personal representative.

3. *Same; presentment by filing bill in equity.*—A bill to enforce a claim against personal representatives of deceased sureties on an administration bond, which alleges that the claim was presented to the defendants by the filing of a bill against them by a certain named person, whose interest in the claim was not shown, and the nature and amount of the claim was not disclosed by the bill so filed, does not show such a presentment of the claim as is required by the statute of non-claim; such averment of presentment being merely a conclusion of the pleader.

4. *Bill to enforce claim for devastavit; multifariousness.*—A bill to enforce a claim for devastavit against personal representatives of some of the sureties on an administrator's bond, and for a settlement of the estate, and also to enforce against the personal representatives of the other sureties, in their individual capacities, the personal penalty for failure to give the notice to creditors required by law, is multifarious.

5. *Same; demurrer for want of parties.*—A bill against the personal representatives of the sureties of an administrator's bond for a settlement of the estate and to enforce a claim for devastavit, which avers that one of the heirs of the decedent is dead, and that her estate is entitled to whatever amount she would receive if living, but which makes neither her personal representative nor her heirs parties, and does not aver that there is no administrator or executor of her estate, or children surviving her, is demurrable for want of proper parties.

6. *Same; appointment of administrator ad litem.*—Such a bill does not make a case for the appointment of an administrator *ad litem* under the statute (Code, §2283), which provides that when, in any proceeding in the probate or chancery court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, it shall be the duty of the court to appoint an administrator *ad litem* whenever the facts rendering the appointment necessary shall appear in the record, or shall be made known by affidavit.

7. *Creation of new county; transfer of administration from probate court of old to new county.*—The legislature, in the passage of the act approved December 7, 1866 (Acts 1866-67, p. 92), creating the county of Clay out of portions of Talladega and Randolph, made no provision concerning the administration of estates pending in the probate courts of the old counties; and in the absence of any such provision such administrations continued in the probate courts of the parent counties, unaffected by the formation of the new county, although the property of the estate is situated, and the administrator resides, in the new county.

8. *Same.*—In an act forming a new county out of portions of old counties, a provision for the transfer of suits pending against defendants from the courts of the old counties into those of the new, without referring to administrations pending in the former, is to be construed as an expression of legislative intent that such administrations should not be removed into the probate court of the new county.

[Page et al. v. Bartlett et al.]

9. *Same; transfer of administration from probate to chancery court.*— Where an act forming a new county out of portions of two old counties makes no provision concerning the administration of estates pending in probate courts of the older counties, if it becomes necessary or proper to transfer into a court of equity the settlement of the administration of an estate situated in the new county, but which was pending in the probate court of one of the older counties, such settlement must be removed into the chancery court of the old county in whose probate court such administration was pending; the chancery court of the new county having no jurisdiction thereof.

APPEAL from the Chancery Court of Clay.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellants against the appellees in the chancery court of Clay county, and prayed to have the administration of the estate of James E. Mayes, deceased, removed into the chancery court of Clay county, from the probate court of Talladega county and to hold the sureties on the administration bond of J. W. King, as administrator of James E. Mayes' estate, responsible for an alleged devastavit.

The original bill was filed on September 26, 1891, by James H. Page, as administrator of Martha Harris, deceased, formerly Martha Mayes, widow of James E. Mayes, deceased, and others, who were the heirs at law of James E. Mayes, against the appellees, and also against J. L. Hood, as administrator of Jane Halsell, deceased, a sister of said Mayes.

The allegations of the bill, briefly summarized, are as follows : James E. Mayes died on June 29, 1862, a resident citizen of Talladega county, and on August 29, 1862, J. W. King was appointed administrator of his estate, and gave bond as such administrator with J. L. Barnhill, L. M. Burney, J. D. McCann, J. F. Martin and Thomas Adams as his sureties. The said King, acting as such administrator, received considerable property as assets of the estate of James E. Mayes, deceased. King made several partial settlements of his administration, the last being made in the probate court of Talladega county on May 30, 1877 ; at the time of this settlement he had in his hands a large amount of money belonging to said estate. King, as such administrator, never made a final settlement of his administration, but moved to the State of Arkansas, and afterwards died there in the year 1889, owing the estate of said Mayes a

large amount of money—at least $16,000. All the other facts averred in the original bill as amended are sufficiently stated in the opinion. The prayer of the bill was for the removal of the administration of James E. Mayes' estate from the probate court of Talladega county into the chancery court of Clay county, to settle said estate in the chancery court of Clay county, and to charge the personal representatives of the several deceased sureties on the bond of said J. W. King, as administrator of James E. Mayes, deceased, with his alleged devastavit.

The defendants demurred to the bill. The principal grounds of demurrer were as follows : 1st. That there was not shown by the bill a sufficient presentment of the claim on which the suit was founded under the statute of non-claim, and no sufficient reason or excuse is averred for the failure of claimants to present such claim. 2d. That it was not shown upon what claim or cause of action the suit alleged to have been brought by Mattie Page on February 8, 1890, was founded, nor what right said Mattie Page had to present said claim ; but it was shown that said suit was virtually abandoned by amendments which made an entire change of parties complainant. 3d. There was no privity shown between J. H. Page, as administrator, and Mattie Page ; nor was it shown that the latter had any right to present or demand the claim on which this suit is based. 4th. There was no sufficient reason or facts shown in the bill as amended to dispense with the further administration of the estate of James E. Mayes. 5th. The administrator *de bonis non* of said Mayes' estate was a necessary party complainant to the bill. 6th. That the bill was multifarious, in that as amended it sought to recover a statutory penalty against W. T. Bishop and John H. Short in their individual capacity, and at the same time also sought a settlement of the administration, and to enforce a charge on the estates of the deceased sureties. 7th. That it was affirmatively shown that more than 18 months had elapsed from the appointment of the administrator of Burney's estate before the bringing of the suit by Mattie Page, on February 8, 1890. 8th. That on the facts shown in the bill the court could not appoint an administrator *ad litem* on the estate of Sarah King, deceased, but her heirs or administrator were necessary parties. 9th. That the chancery court of Clay county can not

take jurisdiction of this cause, or of the settlement of the estate of James E. Mayes, deceased.

On the submission of the cause on these demurrers the chancellor sustained the same. The complainants appeal, and assign as error this decree of the chancellor.

W. L. HOOD, for appellants.—The first suit was a sufficient presentation of the complainant's demand, and, this suit is to recover the same claim by the same parties and continues the same presentation.—*Floyd v. Clayton*, 67 Ala. 265. Mattie Page was the sole party complainant bringing the first suit, filed February 8, 1890, as shown by this bill, but section one of the amendment to the bill avers, that by amendment to the former suit, filed September 18, 1890, all the other complainants in this suit joined in that suit. The amendment setting up no new claim, became part of the original bill.—*Adams v. Phillips*, 75 Ala. 461. The office of amendment which does not introduce supplemental matter, is the curing of defects, and reverts to the filing of the bill.—*Ward v. Patton*, 75 Ala. 207.

A court of equity will dispense with an administration altogether when the only office of an administrator would be to collect and distribute the assets of the estate. If no debts exist it is useless to carry the estate through the diminishing process of administration, and especially when suit is brought by the distributees.—*Bethea v. McCall*, 5 Ala. 308; *Miller v. Eastman*, 11 Ala. 614; *Vanzant v. Morris*, 25 Ala. 285; *Marshall v. Crow*, 29 Ala. 278; *Carter v. Owens*, 41 Ala. 219; *Fretwell v. McLemore*, 52 Ala. 124; *Sullivan v. Lawler*, 72 Ala. 268; *Cooper v. Davidson*, 86 Ala. 367, 5 So. Rep. 650; *Wright v. Robinson*, 94 Ala. 479, 10 So. Rep. 319; *Teague v. Corbitt*, 57 Ala. 529.

The intestate of Bishop and Short (Burney) was a joint obligor on the bonds of Mayes' administrator, King. Their failure to give notice of their appointment to creditors makes them liable for whatever Burney, their intestate, would be liable for if living.—Code, §§ 2075, 2077. And suit may be brought against them any time within six years from date of their failure to give notice; and their sureties are also liable.—Code, § 2615. The sureties of King being jointly liable, and Bishop and Short having made themselves personally liable in the

stead of Burney by their wrongful act, the chancery court has complete authority to adjust the controversy and mould its decree so as to protect and preserve the rights of all parties.— *Ware v. Russell*, 70 Ala. 174 ; *Price v. Carney*, 75 Ala. 546. The complainants could not maintain a suit at law against Bishop and Short ; this could be done only by an administrator *de bonis non* of Mayes' estate ; and since the chancery court can do complete justice to all parties, and equitable relief being complainants' remedy, the court has jurisdiction also as to Bishop and Short.—*Ontario Bank v. Munford*, 5 N. Y. Ch. 767, (L. An. Ed.) ; *Morse v. Elmendord*, Ib. 135 ; *Lenox v. Roberts*, 2 Wheat. 373 ; *Jones v. Newhall*, 15 Amer. Rep. 97. Before a court of equity will refuse to assume jurisdiction, it must appear that a legal remedy is in all respects as complete as equity.—*Fitzmaurice v. Mosier*, 9 Amer. St. Rep. 854. Courts of equity exercise a sound discretion as to whether there is a misjoinder of parties.— 1 Dan. Ch. Pr. note 3, p. 303 ; *Fillmore v. Wells*, 3 Amer. St. Rep. 567.

Equitable jurisdiction is measured by the absence or existence of adequate remedies at law.—Pom. Eq. Jur. §§ 130, 132 ; 6 Amer. & Eng. Encyc. of Law, 692. The bill avers there is no administrator *de bonis non* of Mayes' estate, and equity always assumes jurisdiction when the remedy is complete and a multiplicity of suits would be avoided ; either simultaneous against different persons, or successive against the same person.—1 Pom. Eq.Jur. § 139 ; *McHenry v. Hazard*, 45 N. Y. 580 ; *N. Y. &c. R. R. Co. v. Schuyler*, 17 N. Y. 592 ; *Third Ave. R. T. Co. v. Mayor*, 54 N. Y. 159 ; *Eldridge v. Hill*, 2 John. Ch. 281 ; *West v. Mayor*, 4 N. Y. Ch. An. 1081 ; *Oelrich v. Spain*, 15 Wall. 211, 229 ; *Woods v. Monroe*, 17 Mich. 238 ; *W. U. T. Co. v. Western & Atlantic R.R. Co.*, 91 U. S. 283, 291. If jurisdiction has properly attached, a court of equity will retain the case and settle matters which do not afford original jurisdiction.—6 Amer. & Eng. Encyc. of Law, pp. 692, 693 ; *Blakey v Blakey*, 9 Ala. 391 ; *Pearson v Darrington*, 21 Ala. 169 ; *Ober v Galligar*, 93 U. S. 199, 208.

The probate court of Talladega county is in a county of the North-Eastern Chancery Division. The chancellor would have the same right to order the transmission of papers from the probate court of Talladega county to

[Page et al. v. Bartlett et al.]

the chancery court of Clay county, as he would have to order their removal to the chancery court of Talladega county.—Code, § 649. Clay county is a part of the North-Eastern Chancery Division.

W. M. LACKEY, and C. C. WHITSON, *contra*.—Upon the face of the bill as amended, the claim upon which the suit is founded is barred by the statute of non-claim, as against the estates of James L. Barnhill, L. M. Burney and James F. Martin.—Code, § 2081; *Fretwell v. McLemore*, 52 Ala. 124. The commission of the alleged devastavit by J. W. King, as administrator of Mayes' estate, set up in the bill, would constitute such a breach of his sureties' bond as to make it an accrued claim against the estates of such sureties, and put into operation, the "running of the statute of non-claim."— *Glass v. Wolf*, 82 Ala. 281, 3 So. Rep. 11; *Taylor v. Robinson*, 69 Ala. 269; *McDowell v. Jones*, 58 Ala. 25; *Martin v. Ellerbe*, 70 Ala. 334.

It is not shown in the bill as amended what right or interest Mattie Page had in the claim upon which this action is founded, or what right she had to bring or maintain the suit in the chancery court of Clay county, which is set up as a sufficient presentation under the statute of non-claim in the amendment to the bill.—*McDowell v. Jones*, 58 Ala. 25; *Hallett v. Bank of Mobile*, 12 Ala. 193; *Cook v. Davis*, 12 Ala. 551; *Smith v. Fellows*, 58 Ala. 467; *Agnew v. Walden*, 84 Ala. 504, 4 So. Rep. 602. To constitute a sufficient presentation under the statute by suit, the suit must not only be commenced within the statutory period of eighteen months from the grant of letters, but its prosecution must be continued. If the suit be abandoned, or the plaintiff suffers a voluntary non-suit, it does not operate as a presentation of the claim upon which it is founded, nor prevent the bar of the statute.—*Floyd v. Clayton*, 67 Ala. 265; *Bigger v. Hutchins*, 2 Stewart 445; *Jones v. Lightfoot*, 10 Ala. 18; *Pipkin v. Hewlett*, 17 Ala. 291.

The suit alleged to have been brought by Mattie Page, in February, 1890, is the only presentation under the statute of non-claim that is alleged or relied on; and yet it is not averred what amount was claimed in such action, or that such suit furnished the defendants with a knowledge of the existence and nature of the claim and

the intent of those in interest to rely on and enforce it. Substantially all that is averred is that the claim was presented by such suit, which is a mere conclusion of the pleader.—*Smith v. Fellows*, 58 Ala. 472, and authorities cited ; *McDowell v. Jones, supra*.

An administrator or the heirs at law of Sarah A. King, deceased, are necessary parties to the bill.—*Teague v. Corbett*, 57 Ala. 529 ; Story's Eq. Pl., § 89. *Parker v. Parker*, 100 Ala. 239. The interest of the estate of Sarah A. King can not properly be committed to an administrator *ad litem*, and this ground of demurrer to the bill as amended was properly sustained.—*Dooley v. Villalonga*, 61 Ala. 129 ; *Moore v. Alexander*, 81 Ala. 509, 8 So. Rep. 199. For a want of necessary parties the court will, *ex mero motu*, take notice of the defect.—*Watson v. Oates*, 58 Ala. 647 ; *Parker v. Parker*, 100 Ala. 239.

The complainants can not, in a bill to settle and distribute an estate, recover in the same suit a statutory penalty ; upon the face of it, it is a misjoinder of parties defendant and renders the bill multifarious. It is equally clear that, if complainants have any right of action against John H. Short and W. T. Bishop, for a failure to advertise their appointment as administrators of Burney's estate, under section 2077 of the Code, their remedy is at law and not in equity.

Only the chancery court of the county (or chancery district) in which the administration is pending has jurisdiction of a bill filed for the sole purpose of the removal and settlement of the admistration in chancery. James E. Mayes was an inhabitant of Talladega county at the time of his death (1862), and administration upon his estate was properly granted in such county.—Code of 1852, § 1667. The act of the General Assembly, "to form a new county, to be called the county of Clay from portions of Talladega and Randolph counties," approved Dec. 7, 1866, (Acts 1866–7, p. 92), makes no provision for the removal of pending administrations. Section 5 of such act relates solely to the transfer of pending suits, on the application of defendants. But even as to such suits the application for such removal had to be made within a reasonable time, and more than two years from the formation of a new county has been held to bar such right of removal.—*Ex parte Rhodes*, 43 Ala. 373. Where the legislature has made no provision, whatever, for the

removal of administrations out of the probate court of Talladega and into the probate court of Clay, the administration can not be removed into the chancery court of Clay.—*Lindsay's Heirs v. McCormack*, 2 A. K. Marshall 229; *Drake's Adm. v. Vaughn*, 6 J. J. Marshall 147; *State v. Jones*, 4 Halst'd (N. J.) 357.

HARALSON, J. —The commission of the alleged devastavit by J: W. King, as administrator of J. E. Mayes' estate, as set up in the bill, would constitute such a breach of his administration bond, as to make it an accrued claim against the estates of his sureties on his bond, and put into operation the running of the statute of non-claim.—*Glass v. Wolf's Admr.*, 82 Ala. 281, 3 So. Rep. 11; *Martin v. Ellerbe's Admr.*, 70 Ala. 326; *Taylor v. Robinson*, 69 Ala 269; *McDowell v. Jones*, 58 Ala. 25.

2. The bill shows that James F. Martin, L. M. Bradley, Jos. D. McCann, Jas. L. Bunhill and Thos. Adams were the sureties of J. W. King, on his bond as administrator of the estate of said J. E. Mayes. All these sureties, as is shown, are dead, and their administrators, except the one of said Adams, are made parties defendant to the bill, sued, as stated, to require them to account for the alleged devastavit of said King, as administrator of said Mayes. Thos. Adams, as is shown, has been dead for many years, and one William Hamilton was appointed his executor by the probate court of Clay county, and his estate has been finally settled in said court several years ago. The dates of the appointment of the personal representatives of these several sureties on said administion bond were as follows : Henry A. Manning was appointed administrator of J. F. Martin on the 21st of November, 1884; William T. Bishop and John H. Short, of L. M. Burney, on the 29th June, 1888; Geo. W. Bartlett, as executor of Jas. L. Bunhill, on the 7th of December, 1889; and Thos. Northen, as administrator of Jos. D. McCann, on the 18th of September, 1890.

In the original bill as filed no presentment of the claim sued on in this action was averred to have been made to the personal representatives of these several sureties. The presentment was attempted to be shown by the amendment filed to the bill. For the greater certainty, and that we may not misinterpret the averments on which complainants rely, as showing a presentation of

this claim under the statute, we quote the language of the amended bill, as follows : "The complainants charge and aver, that the claim for which this suit was brought was, on the 8th day of February, 1890, duly and legally presented to John H. Short and W. T. Bishop, as administrators of L. M. Burney, deceased, and to Geo. W. Bartlett, as executor of Jas. L. Bunhill, deceased, by filing a bill in the chancery court of Clay county, Alabama, against them by Mattie Page, and on the 18th day of September, 1890, by amendment to the original bill, the other complainants presented their claim against defendants, and that complainants presented their claim to Thos. Northen, administrator of Jos. D. McCann, deceased, on the 21st day of July, 1891, by suing him in the chancery court of Clay county, Alabama. And complainants aver, that on the 25th day of September, 1891, the bill as originally filed in said case, together with the amendments thereto, was dismissed by the court, on motion of the defendants because there was a misjoinder of parties, in that, because the only party to the original bill of complaint had been stricken out by amendment to the bill, and, because of said amendment, there was an entire change of parties.

"Complainants further charge and aver, that said original bill and amendments thereto were exhibited in this court by those who had a legal right to present their claim to defendants, and that upon the dismissal of their said bill, to-wit, on the 25th of September, 1891, the said complainants or their legal representatives did, on the 26th of September, 1891, file the present bill to this court, seeking to enforce the collection of their said claims.

"Orators further charge and aver, that the reason that their claim was not presented to Jas. H. Short and Wm. T. Bishop, as administrators of L. M. Burney, within 18 months from the time they were appointed such administrators by the probate court of Clay county, Alabama, was because the said Short and Bishop did not give notice to creditors as required by law, to present their claims against the estate of the said L. M. Burney, deceased. And orators charge and aver. that by the failure of the said Short and Bishop to give such notice to the creditors, the said Short and Bishop make themselves personally liable to any creditor whose claim would have been good if

presented within 18 months from the date of their appointment.

"Complainants amend their bill by suing John H. Short and Wm. T. Bishop, individually, and so as to strike their names out as originally sued as administrators of L. M. Burney."

It will be observed, that the presentment of this claim is averred to have been made by the filing of two bills in the chancery court of Clay county, the first, on the 8th of February, 18:.0, by Mattie Page against John H. Short and Wm. T. Bishop, as administrators of L. M. Burney, and Geo. W. Bartlett, as executor of J. L. Bunhill, and by amendments thereto, filed on the 18th of September, 1890, by which complainants were made parties thereto. It will also be seen, that what right or interest said Mattie Page had in and to the claim upon which the present bill is filed, or what her right of action as set up in said bill as filed by her was, and her right to maintain said bill, are not averred. Neither is it shown what amount she and the other complainants, brought in by amendment, claimed in that suit, nor any facts informing defendants of the existence and nature of the claim and of the intention of those in interest to enforce it. Substantially, all that is averred is, that a claim, without describing its nature or amount, was presented in that suit, which is a mere conclusion of the pleader, not amounting to a presentation as required by statute.— *McDowell v. Jones*, 58 Ala. 25 ; *Smith v. Fellows*, *Ib.* 467 ; *Bibb v. Mitchell*, *Ib.* 657 ; *Floyd v Clayton*, 67 Ala. 265 ; *Agnew v Walden*, 84 Ala. 502, 4 So. Rep. 602.

The reference to the second bill, filed on 21st July, 1891, by said Mattie Page against Thos. Northen, as administrator, which is alleged to have been dismissed on the 25th September, 1891, is just as defective as an allegation of presentment, but that defect is cured by the further allegations, that on the 26th of September, 1891, the present bill was filed against said administrator and others, which date is within the 18 months after his appointment, and the claim is sufficiently described in the present bill.

3. The demurrer is confessed as to John H. Short and Wm. T. Bishop, as administrators of L. M. Burney, and by amendment, their names, as such, were stricken out of the bill, and added as individuals, so that the suit

should stand against them in their individual and not in their representative capacity. In this the bill was made multifarious. The claim against them was a personal penalty alleged to have been incurred by them, for which they are answerable at law, and which is a separate and distinct matter, having no necessary connection with the objects of this bill.—*Martin v. Ellerbe*, 70 Ala. 326, 335 ; *Hardin v. Swoope*, 47 Ala. 273 ; *Clay v. Gurley*, 62 Ala. 14 ; *Conner v. Smith*, 74 Ala. 115, 121.

4. Of Sarah King it is averred, that she was one of the several and only heirs at law of said J. E. Mayes at his death ; that she died in 1884, and that her estate is interested in this suit, entitled to whatever amount she would receive, if living, out of the estate of Mayes, but neither her administrator, nor her heirs at law are joined as complainants or defendants. The bill also fails to aver that there is no administrator or executor of her estate, or whether or not she left children. It was subject to demurrer on this account, and was not a case made out under the statute for the appointment of an administrator *ad litem*.—Code, § 2283 ; *Fretwell v. McLemore*, 52 Ala. 124 ; *Sullivan v. Lawler*. 72 Ala. 68, 71.

5. Independent of any of the foregoing principles, there remains a question which determines the fate of the present bill. The county of Clay was formed out of portions of Talladega and Randolph counties, by act of the General Assembly, adopted December 7, 1866. Acts 1866–67, p. 92. The legislature, in the adoption of that act, made no provision concerning the administrations of estates, pending in the probate courts of the counties of Talladega and Randolph, at or after the formation of the new county. It was its exclusive province to do so. In the absence of any such provisions, such administrations continued in the parent counties, unaffected by the formation of the new county.—*Vanhoose v. Bush*, 54 Ala. 342 ; *Wright v. Ware*, 50 Ala. 549 ; *Coltart v. Allen*. 40 Ala. 155. The jurisdiction of the old counties in which suits were pending was not ousted in the formation of the new county, either as to the persons or subject matter ; and this principle was as applicable to administrations pending in the probate courts of these counties, as to suits in any of their courts.—4 Am. & Eng. Encyc. of Law, 335 *Lindsay v. McCormack*, 2 A. K. Marsh. 229 ; *Drake's Admr. v. Vaughan*, 6 J. J. Marsh. 147 ; *Arnold v. Styles*, 2 Black. (Ind.) 391 ; 5 Watts (Pa.) 87.

Mayes resided and died in Talladega county in 1862, and said King was appointed his administrator, by the probate court of that county, in that year. If for any allowable reason, it became necessary or proper to transfer the settlement of the administration of that estate from the probate court of Talladega county into a court of equity, the chancery court of Talladega, in whose probate court said administration was pending, and not the chancery court of Clay county, had jurisdiction.; and was the one into which such settlement ought to have been removed. In the absence of legislation authorizing it, the chancery court of Clay had no more jurisdiction of the administration and settlement of the estate, than any other chancery court of the State.

6. The 5th section of said act makes provision for the transfer of suits pending against defendants, from the courts of the old counties into the new one, and has no reference to administrations pending in the probate courts of the older counties. Indeed, this provision is to be construed as the expression of a legislative intent that such administrations were not to be removed into the probate court of Clay.

From what has been said, it follows, that the chancery court of Clay county has no jurisdiction of this cause, and a decree will be here entered dismissing the bill.