(80 South. 371)
YORK et al. v. YORK et al. (1 Div. 75.)

(Supreme Court of Alabama. Dec. 19, 1918.)

1. EQUITY ⊜⟿148(1) — PLEADING — MULTIFARIOUSNESS.

Single bill to remove distinct estates from probate court into equity for administration *held* multifarious; administration of each affording distinct matter for consideration, though heirs and distributees of one had litigable rights against devisees and legatees of other, or heirs of one were tenants in common with devisees of other.

2. EXECUTORS AND ADMINISTRATORS ⊜⟿473, 474(1)—REMOVAL OF ESTATES TO EQUITY.

Distinct estates may be removed from probate court into court of equity for administration, by filing appropriate petitions under Gen. Acts 1915, pp. 738, 739.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill by Mattie E. York and others against H. E. York and others. From decree overruling demurrer to the bill, respondents appeal. Reversed and remanded.

F. E. Poole, of Grove Hill, for appellants. T. J. Bedsole and Q. W. Tucker, both of Grove Hill, for appellees.

McCLELLAN, J. [1] The primary, major object of this single bill is to remove two dis-

tinct estates from the probate court into the court of equity for the purpose of administration; one of them being the estate of M. A. York, deceased, of which John L. Scruggs is administrator, and the other the estate of Mahala York, deceased, of which H. E. and J. C. York are the executors under the will of their testatrix. The demurrer—overruled below—took the objection that the bill was, in its very nature, multifarious. This ground, if not others, was well taken. The administration of each of these estates affords distinct subject-matters for the consideration of a court of equity. Between these estates—either in respect of jurisdiction or the orderly processes of administration of estates in equity—there is no connecting link or relating or merging circumstance. The fact that the heirs and distributees of one estate have litigable rights against the devisees and legatees of the other estate, or the heirs of one are tenants in common with devisees of the other, creates no interrelation of the estates, through which they derive their respective interests, that could possibly invite their blending for the purpose of invoking the single exercise of the powers and processes of a court of equity.

[2] Anticipating that the removal of these distinct estates from the probate court into the court of equity will still be desired, the result should be obtained by availing of the simple method prescribed in the act approved September 23, 1915. Gen. Acts 1915, pp. 738, 739. Under that act appropriate petitions should be filed.

For the reasons stated, the demurrer was erroneously overruled. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.