12 So.2d 85

### BOYD et al. v. PRESLEY et al.

8 Div. 192.

Supreme Court of Alabama.

Feb. 11, 1943.

D. P. Wimberly, of Scottsboro, for appellants.

Proctor & Snodgrass, of Scottsboro, for appellees.

BROWN, Justice.

This appeal is from a decree of the Circuit Court of Jackson County, sitting in equity sustaining the demurrer of Annie Presley and Helen Presley Johnson to the cross-bill filed by appellants "Victoria Boyd, as executrix cum testamento annexo of

the estate of Hugh Boyd, and as guardian of Shirley Boyd, and Shirley Boyd, sui juris, and Shirley Boyd as a minor," against the complainants and administrator ad litem of the estate of S. D. Presley, deceased, which as amended before the ruling on the demurrer, seeks a "review of the settlement of J. B. Presley as administrator of the estate of S. D. Presley, deceased, and that the cross-respondents be required to account for the funds received from the sale of ['Kelly Cove Farm'] or that a lien be declared upon the same for the amount ascertained to be due these cross-complainants," and for general relief.

The original bill was filed by H. C. Mitchell, Annie Presley and Mrs. Helen Presley Johnson against Dr. Rayford Hodges, G. C. Clemons, Victoria Boyd as executrix cum testamento annexo of the estate of Hugh Boyd, Shirley Boyd and D. F. Fennell, as Register of the Circuit Court in Equity.

Before said answer and cross-bill was filed by appellants, the original bill was amended by striking Annie Presley and Helen Presley Johnson as complainants and making them defendants to said original bill, leaving Mitchell as the sole complainant in said original bill.

The original bill seeks a reformaton of the register's report, the deed executed by him to Annie Presley and Helen Presley Johnson [and their deed to complainant] in pursuance of a judicial sale made under the decree of the Circuit Court of Jackson County, in Equity, ordering the sale of said "Kelly Cove Farm" specifically described in the bill, to correct an error in the description of the lands purchased by said Annie Presley and Helen Presley Johnson, in said report and in said deeds affecting 220 acres of said lands. The bill to sell said lands for division among the joint owners was filed by the appellants, who filed the answer and cross-bill in the case at bar. Said bill for the sale of said lands for division filed May 24th, 1937, alleged that said Victoria Boyd, either individually or in her representative capacity, and the respondent Shirley Boyd, either jointly or separately owned an undivided ⅕ interest in and to said lands," that said Hodges and Clemons each owned an undivided "⅕" interest—⅖th; and that Annie Presley and Helen Presley Johnson owned the other ⅖th interest.

The lands were correctly described in the bill for the sale thereof, the decree ordered the sale of the lands as described in said bill. And in the notice of sale published by the register the lands were correctly described. The first error occurred in the report, and then in the deed to the purchaser, perpetuated in the subsequent deed. The lands were sold, the purchase money paid in to the Register of the Court, the purchasers were put into possession and the proceeds of the sale divided and distributed to the parties according to their respective interests, as alleged in said bill for the sale of said lands for that purpose.

Thereafter Annie Presley and Helen Presley Johnson sold to Mitchell and put him in possession and he was in possession when he filed the bill to reform.

The basis for the relief which appellants seek through their cross-bill, in short, is that S. D. Presley, the husband of Annie Presley and the father of Helen Presley Johnson, who died on April 6th, 1933, was up to his death the "executor of the estate of Hugh Boyd, and during his administration of said estate by the use of money or property belonging to said estate acquired ⅕ interest in said 'Kelly Cove Farm'", as alleged in one paragraph of the answer and cross-bill, and "inadvertently" took the deed to said ⅕ interest to himself as an individual, and not as executor, as "intended and understood." That thereafter J. B. Presley as administrator of S. D. Presley's estate made settlement with respondent and cross-complainant, but neither the said J. B. Presley or Mrs. Boyd had any knowledge of the purchase with funds or property of Hugh Boyd or the execution of said deed, until September, 1941. And as alleged in the cross-bill, "the latent fraud was not discovered" until said last stated date.

The subject of statutory cross-bills, in equity, heretofore authorized and governed by §§ 6550, 6551 of the Code of 1923, is now covered by New Equity Rule 26, Code 1940, Tit. 7 Appendix, pp. 1065, 1066, which supersedes said sections 6550, 6551.

The rule in so far as here pertinent provides, "A defendant may obtain relief against a party plaintiff or defendant *for any cause connected with or growing out of the bill*, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged must be considered in the nature of a cross-bill and be heard at the same time as the original bill. When the

presence of parties other than those to the original bill is required for the granting of complete relief, such outside persons may be made defendants to a cross-bill incorporated in the answer or otherwise. * * *" Code 1940, Tit. 7 Appendix p. 1065, Rule 26. [Italics supplied.]

 It is too clear to permit of argument that the alleged devastavit of S. D. Presley as the administrator or executor of Hugh Boyd, deceased, is in no way connected with or grows out of the bill of Mitchell to reform the Register's Report of Sale, the deed by the register to Mrs. Presley and Mrs. Johnson. Therefore the averments of the cross-bill do not bring that controversy within Rule 26 of Equity Practice. Lowery v. Rosengrant, 216 Ala. 364, 113 So. 237.

 Mrs. Presley and Mrs. Johnson, notwithstanding the mistake in the description of the property in the Register's report and the deed acquired the equitable title to said 220 acres, and this equity passed to Mitchell under their conveyance to him. Fields v. Karter, 121 Ala. 329, 25 So. 800. And the appellants here by filing the bill to sell said lands for division, inducing purchasers to invest in said property and reaping the benefits thereof are estopped by said proceeding to dispute the ownership of the property as laid in said bill, or to charge the lands in the hands of Mitchell with a lien for their alleged loss resulting from said alleged devastavit arising in the course of the administration of the estate of Hugh Boyd, deceased, by S. D. Boyd. Sealy v. Lake, 243 Ala. 396, 10 So.2d 364; Phillips v. Sipsey Coal Mining Co. et al., 218 Ala. 296, 118 So. 513.

 The suggestion of the cross-complainant that there was irregularity in the amendment of the original bill by striking Annie Presley and Helen Presley Johnson as complainants, and making them defendants is without merit. This could be done only by the consent of Presley and Johnson, and inasmuch as they are not objecting to said amendment, consent will be assumed. Moreover the rights of appellants were in no way affected, as they had the right under Rule 26 of Equity Practice to make said parties respondents to their cross-bill whether they were complainants or respondents.

The demurrer to the cross-bill was properly sustained, and said cross-bill being without equity, it was properly dismissed.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.