35 So.2d 175

## GRAHAM v. POWELL et al.

### 3 Div. 489.

Supreme Court of Alabama.
March 25, 1948.

Rehearing Denied May 13, 1948.

J. B. Atkinson, of Clanton, for appellant.

J. G. Duncan, Jr., of Prattville, and Hill, Hill, Stovall & Carter, of Montgomery, for appellees.

SIMPSON, Justice.

The defendant to an original bill, in equity, seeking a sale of lands for division, has appealed from a decree sustaining the demurrer to her cross bill.

The demurrer, assigning numerous grounds, was addressed "to the cross bill as a whole, and to each and every paragraph separately and severally." This was a demurrer to the bill as a whole (Wells v. Wells, 249 Ala. 649, 32 So.2d 697 and Ala. Sup., 33 So.2d 466;[1] First Nat. Bank v. Bonner, 243 Ala. 597, 11 So.2d 348) and such demurrer, being a single entity, was properly sustained if any ground was good. Cook v. Cook, 248 Ala. 206, 27 So.2d 255; Webb v. Lamar, 235 Ala. 533, 18 So.2d 545; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

This was the proper method of challenging the cross bill on the ground of multifariousness (Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136; Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A.L.R. 322) and we think the court correctly sustained the demurrer on that ground.

Although a bill is not necessarily multifarious when it seeks alternative or inconsistent reliefs growing out of the same subject matter, or founded on the same contract or transaction, or relating to the same property between the same parties, Equity Rule 15, Code 1940, Title 7, p. 1055; Gaines v. Stevens, 248 Ala. 572, 28 So.2d 789, it is multifarious when it seeks relief as to two distinct subjects having no connection with or dependence on each other. Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L.R.A.,N.S., 819, 138 Am.St.Rep. 19, 21 Ann.Cas. 1102; East v. East, 80 Ala. 199,

[1] Ante, p. 106.

200; Marsh's Administrator v. Richardson's Administrator, 49 Ala. 430, 432; Hardin & Williams v. Swoope, 47 Ala. 273, 276.

The original bill was for a sale for division of certain farm lands inherited by the parties from their intestate mother. The cross bill by one daughter, the appellant here, made her brothers and sisters cross defendants and sought the cancellation of a deed executed by their mother (the father joining) conveying to a sister an entirely different piece of real estate from that described in the original bill. The cross bill further charged conversion of certain of the personal property belonging to the mother's estate by this same sister, and sought an accounting from her for the benefit of the parties, as the mother's legal heirs. The primary purpose of the cross bill is to have the aforesaid deed set aside and the property sold for division among the parties, as tenants in common thereof, and for an accounting by this sister of the property she allegedly converted to her use and which, according to the cross bill, rightfully belongs to the estate and should be distributed among the parties as heirs of the intestate.

The cross bill also charged another sister, who was also made a cross defendant thereto, with the conversion of other personal property, seemingly belonging to the estate of both the mother and the father; and for an accounting "for all monies which she has collected and belong to either * * * estate."

■ Without considering any other ground of demurrer and if the primary aspect of the cross bill contained the proper allegations to give it equity, the point where the cross bill obviously becomes infected with multifariousness is the effort to lug into it the estate of the deceased father, and for an accounting from one of the daughters in respect to the alleged conversion by her of his property. Assuming that, on proper allegations, it would be permissible to bring in by way of cross bill other property, real or personal, of the intestate mother's estate, for accounting, sale and distribution among the parties as her legal heirs, the cross bill could not bring

into that litigation the discovery and accounting of assets of another estate wholly distinct from the estate of the mother. As observed above, when a bill seeks relief as to two different subjects having no connection with or dependence on each other, it is multifarious. Authorities, supra.

The case of York v. York, 202 Ala. 306, 80 So. 371, is directly sustentive, where it was held that a bill which seeks the administration in equity of two separate estates is multifarious, though the heirs and distributees of one had litigable rights against the devisees and legatees of the other or the heirs of one were the tenants in common with the devisees of the other. See also Ford v. Borders, 200 Ala. 70, 75 So. 398; Cook v. Cook, supra; McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711.

■ Though the foregoing disposes of the appeal, it is not out of order to observe that the decree sustaining the demurrer could as well have been rested on those grounds attacking the cross bill for want of equity since, as now constituted, it brought in for adjudication an entirely different piece of property wholly outside the litigable issue presented by the original bill. It was not shown to be germane to the subject of the original bill and was therefore subject to the general demurrer. Propst v. Brown, Ala.Sup., 34 So.2d 497;[2] Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582; Boyd v. Presley, 244 Ala. 16, 12 So.2d 85; Lowery v. Rosengrant, 216 Ala. 364, 365, 113 So. 237; Emens v. Stephens, 233 Ala. 295(1), 172 So. 95; Equity Rule 26, Code, supra.

■■ It may be, as contended by learned counsel, that equity, having acquired jurisdiction under the original bill for one purpose, may be invoked to do full and complete justice between the parties and adjust the several equities incident to the litigation. Nevertheless, the right to have equity so to intervene under a cross bill must subsist by reason of the fact that the equities grow out of or are connected with the subject matter brought before the court in the original bill, which, by the allegations in the present cross bill, is not the case. Propst v. Brown, supra; Emens v. Stephens, supra.

---

[2] Ante, p. 282.

The cross bill, limiting its effect to the mother's property, merely invokes equitable relief in regard to one tract of land wholly distinct from that in the original bill and for an accounting of certain money and property allegedly belonging to her estate. It is not made to appear that the purpose of the cross bill is to bring in for complete adjustment and settlement between the heirs of the mother, the entire assets of her estate or that the lot described in the cross bill and the allegedly converted personal property constituted the only remaining assets of the estate and that there were no outstanding debts against the estate as a consequence of which no necessity existed for an administration thereon. The deficiencies in the allegations result in failing to bring the cross bill within the influence of Long v. Long, 195 Ala. 560, 70 So. 733, or the other cases bearing on the question, such as Marshall v. Marshall, 86 Ala. 383, 5 So. 475, or Ford v. Borders, supra.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.