66 So.2d 453

### PRICE et al. v. STEWART.
#### 6 Div. 530.

Supreme Court of Alabama.
June 30, 1953.

Fite & Fite and Arthur Fite, Jr., Jasper, for appellants.

Chas. E. Tweedy, Jr., and Jim Beech, Jr., Jasper, for appellee.

MERRILL, Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Walker County, overruling demurrers to a bill of complaint.

 Complainant, Will Stewart, filed a bill against E. M. Burton and Burton's daughters, Mrs. Rachael Price and Mrs. Jimmie Parson. Complainant and Burton own land in and are citizens of Walker County. Respondents Price and Parson are resident citizens of Jefferson County.

Paragraph two of the bill alleges that complainant is the owner of and in possession of a sufficiently described tract of land in Walker County.

Paragraph three alleges:

"That the defendant, E. M. Burton, is the owner of and in possession of the land lying immediately north of the hereinafter described land." (We considered "hereinafter" as being "hereinabove".)

Paragraph four alleges the circumstances under which complainant and Burton went into possession of their respective tracts of land in 1921.

Paragraph five reads as follows:

"Complainant further alleges that the defendant, E. M. Burton, is now in the asylum or Bryce's Hospital at Tuscaloosa, Alabama, and his children, the defendants, Rachael Price and Jimmie Parson, appear to be acting for him and as such have torn down, to wit, seventy feet of said fence, which is the dividing line between said properties, and have made threats against the complainant and members of his family, and have had the posts in said fence line torn down and cut off and the wire torn from same, and claim that their father, the defendant, E. M. Burton, owns said land on which said fence is situated, and they have done considerable damage to the complainant's property, and the complainant claims of the defendants the sum of $500.00 for damages done to his property by said defendants."

Paragraph six reads:

"Complainant further alleges that the true dividing line between the property of the complainant and the property of the defendant, E. M. Burton, is the fence row, which lies between the property of the defendant, E. M. Burton and the property of the complainant, as same is now constructed."

Complainant asks that a guardian ad litem be appointed for E. M. Burton and prays for a decree that the fence row is the dividing line between the properties of complainant and Burton; that all the defendants be prohibited from interfering with the possession of complainant, that the true boundary line be ascertained; and that damages be assessed against defendants for the damage done to complainant's property.

The guardian ad litem for Burton denied the allegations of the bill. The respondents, Mrs. Price and Mrs. Parson, filed separate but identical demurrers to the bill assigning, among other grounds, that there was no equity as to either of them, and that the bill was multifarious.

The court overruled the demurrers and respondents Price and Parson appeal. The guardian ad litem for E. M. Burton did not appeal.

We are not here concerned with the controversy between complainant and E. M. Burton, the owners of the adjacent tracts of land. However, we are not to be understood as holding the bill good as to respondent Burton to establish a boundary line, because there is grave doubt that a dispute has been alleged to exist between these two property owners, but we are not concerned with that question on this appeal.

The first clause of section 3, Title 47, Code 1940, reads: "Suits in equity may be brought by any person owning land or any interest therein against the owner or person interested in adjoining land, to have the boundary lines established".

The bill shows clearly that appellants have no interest in the land and under the statute could not be parties to a suit to establish a boundary line. The use of the phrase "appear to be acting for him" in paragraph five of the bill, avails complain-

ant nothing and gives rise to no reasonable inference. The appellants are not shown to have any connection with the boundary line dispute.

Considering the bill in its most favorable light against appellants, it charges them with trespass, asks injunctive relief from the interference with complainant's possession and for damages.

The bill seeks relief as to two distinct subjects having no connection with or dependence on each other and is therefore multifarious. Graham v. Powell, 250 Ala. 500, 35 So.2d 175; Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314; Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L.R.A., N.S., 819.

 In the case of H. H. Hitt Lumber Co. v. Cullman Property Co., 189 Ala. 13, 66 So. 720, 723, the Court, quoting Chief Justice Brickell, said:

"'It is said that multifariousness as an objection to a bill is not capable of accurate definition. It is described generally as the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill.'"

The bill brings into court two distinct parties, having no connection with each other except the incidental fact that they are related by kinship. It seeks against Burton the determination of a boundary line to lands in which respondents Mrs. Price and Mrs. Parson have no interest, and seeks against Mrs. Price and Mrs. Parson injunctive relief and damages in which respondent Burton has no part and no interest. We have considered this bill in connection with Equity Rule 15, Appendix Title 7, Code 1940. The matters complained of are not only "not 'between the same parties,'" but they do not grow "out of the same subject-matter" nor are they "founded on the same contract or transaction". McDaniel v. Turnipseed, 165 Ala. 189, 51 So. 757, 758.

The demurrers of appellants should have been sustained and the decree of the circuit court, in equity, is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.