108 So.2d 346

Charles ROLLINS

v.

G. G. ROLLINS.

6 Div. 289.

Supreme Court of Alabama.

Jan. 8, 1959.

Drennen, Loeb & Drennen, Birmingham, for appellant.

James & Rutledge, Haleyville, for appellee.

GOODWYN, Justice.

This is an appeal by the respondent from an interlocutory decree overruling his demurrer to a bill in equity.

Appellee's bill primarily seeks a sale for division of certain lands located in Winston County jointly owned by him and the appellant. It also alleges that respondent "is indebted to your plaintiff in the sum of $621.00 for money loaned by the plaintiff to the defendant in, to-wit, September, 1953, which sum of money with the interest thereon is still due and unpaid", and prays, in addition to the prayer that the land be sold for division, that the court "will issue a writ of equitable attachment on the interest and proceeds of the said defendant from the sale of the above property and enter judgment thereon in favor of your plaintiff in the amount of said indebtedness."

It appears, from the allegations of the bill, that respondent acquired his interest in the land (alleged to be "an undivided one-third interest of an undivided one-half interest") on the death of his mother on April 20, 1954, he being one of her three children. It further appears that appellee owned the property jointly with appellant's mother and that appellee has acquired the other two children's interest. There is no specific averment as to the relationship between appellee and appellant; but that is of no significance here.

There are grounds of demurrer going to the multifariousness of the bill. Ac-

cordingly, if the bill is multifarious the decree overruling appellant's demurrer was laid in error. Our cases hold that "a ground of demurrer taking the point that a bill is multifarious is properly addressed to the bill as a whole." Shaddix v. Wilson, 261 Ala. 191, 195, 73 So.2d 751, 755; Graham v. Powell, 250 Ala. 500, 501, 35 So.2d 175; Cook v. Cook, 248 Ala. 206, 208, 27 So.2d 255; Roberts v. Roberts, 247 Ala. 302, 303, 24 So.2d 136.

Clearly, it seems to us, the bill seeks relief as to two distinct and independent matters having no connection with or dependence on each other and is, therefore, multifarious. Equity Rule 15, Code 1940, Tit. 7, Appendix, p. 1055, provides as follows:

> "Ruling on multifariousness. A bill is not necessarily multifarious when it seeks alternative or inconsistent relief growing out of the same subject matter, or founded on the same contract or transaction, or relating to the same property between the same parties."

There is no allegation in the bill bringing it within the influence of that Rule. On the other hand, the bill itself shows that the $621 indebtedness was incurred before appellant even acquired his interest in the land.

As to what constitutes multifariousness we quote the following from H. H. Hitt Lumber Co. v. Cullman Property Company, 189 Ala. 13, 23–24, 66 So. 720–723:

> " ' * * * "It is described generally, as the joinder of different and distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." Truss v. Miller, 116 Ala. [494], 505, 22 So. 863, 866; Alexander v. Alexander, 85 Va. [353] 363, 7 S.E. 335, 1 L.R.A. 125; Meacham v. Williams, 9 Ala. [842] 847.' [Alabama Great Southern] R. Co. v. Prouty, 149 Ala. 71, 77, 43 So. 352, 354. * * *

> " ' * * * It has been said often that it is impossible to declare any fixed or abstract rule that will determine in all cases as to whether or not a bill is multifarious. The definition of Chief Justice Brickell (quoted by Mr. Sims, § 236), as follows, is probably as good as has been given: "It is said that multifariousness as an objection to a bill is not capable of accurate definition. It is described generally as the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters, perfectly distinct and unconnected, * * * against several defendants in the same bill." ' Bellevue Cemetery Co. v. McEvers, 168 Ala. [535], 541, 53 So. [272], 274."

See, also, Price v. Stewart, 259 Ala. 299, 301, 66 So.2d 453; Graham v. Powell, supra; Lee v. City of Birmingham, 223 Ala. 196, 197–198, 135 So. 314; Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L.R.A.,N.S., 819, 138 Am.St.Rep. 19, 21 Ann.Cas. 1102.

The decree overruling appellant's demurrer to the bill is due to be reversed.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.