# Heinz v. White.

*Bill in Equity to enjoin an Action of Ejectment, and to cancel Deed.*

1. *Bill in equity; multifariousness.*—A bill filed to enjoin a party from asserting any title to land, which had been previously conveyed to the complainants by mortgage signed by the defendant, on the ground of estoppel, and to cancel the deed under which the defendant claimed title as a fraud against his creditors, is demurrable ; the rights under the two claims being inconsistent and the relief different.

2. *Fraudulent conveyance; resulting trust.*—Where a conveyance is made to defraud creditors, a resulting trust does not arise in favor of the grantor, if the grantee claims under the conveyance against the grantor ; the conveyance while void as to creditors is valid between the parties, and there can be no resulting trust in favor of the grantor against the grantee, the grantor having no interest which can be asserted in law or equity.

3. *Same; voluntary conveyance; what necessary to allege.*—Voluntary conveyances are constructively fraudulent as against existing creditors, but as to subsequent creditors actual fraud must be averred and proved ; and on a bill filed by subsequent creditors to set aside a voluntary conveyance on the ground of fraud, the mere allegation that the conveyance was made upon a voluntary consideration, followed by the averment that it was given to hinder, delay and defraud creditors, without other averments of fact from which the law will infer actual fraud, is insufficient.

APPEAL from the Chancery Court of Lauderdale.
Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, H. J. Heinz, against the appellees, John F. White, George White and Jennie G. White. The purpose of the bill and its averments are sufficiently stated in the opinion. The respondents demurred to the bill, assigning in various ways the want of equity in said bill, and the inconsistency of the facts averred therein. Their demurrer was sustained. The complainant appeals, and assigns this decree of the chancellor as error.

A. E. WALKER, for appellant.

No counsel marked as appearing for appellee.

COLEMAN, J.—George White, a member of a company doing business in Kansas, desired to obtain a line of credit from complainant, who it seems resided in the State of Pennsylvania, and to carry out his purpose, offered to give complainant a mortgage on certain lands situated in Alabama. Upon investigation, the complainant ascertained that the legal title to the lands were in John F. White, and notified George White, that the mortgage must be executed by John F. White. In due time the complainant received a note which purported to be signed by John F. White, and a mortgage of the lands, which purported to have been executed and legally acknowledged before a proper officer by John F. White. On the faith of the security the credit was obtained, and after default, the mortgage was foreclosed under a power of sale, and the purchaser went into possession of the land and has been ever since. John F. White then instituted the statutory action of ejectment, to recover the lands. The complainant, who became the purchaser of the lands, filed the present bill, and obtained a temporary injunction to restrain the prosecution of the ejectment suit, and upon facts averred, prayed for a cancellation of a deed which had been executed to Jennie G. White, and by her to John F. White, by which the title became vested in him. The court having sustained a demurrer to the bill, the complainant appeals.

The facts averred in the bill are inconsistent with each other, and if proven do not entitle the complainant to the same relief. The bill avers that in fact John F. White did not execute the note and mortgage, and that

as the doctrine of estoppel does not prevail in a court of law as to real estate the complainant's only remedy is in a court of equity. The averments of the bill upon which the doctrine of estoppel is invoked, after detailing the circumstances of the transaction, are as follows: "That the said John F. White knew, and was informed of the fact, that George White was fraudulently and willfully deceiving orator in the execution of said mortgage and allowed and permitted his father, George White, to sign his name to said mortgage and note by George White in his name for the purpose of perpetrating this fraud upon orator." If the averments of this phase of the case are made good by evidence, a clear case of estoppel is presented, and the complainant would be entitled to a perpetual injunction, enjoining the plaintiff in the ejectment from asserting any right or title under his deeds against complainant. The decree would affirm the validity of the deeds and mortgage, but, because of his fraud, he would be estopped from claiming under them.

The bill, however, further avers, that the lands belong to George White, and that he had the title put first in his daughter, Jennie White, and by his direction, conveyed by her to his son, John F. White, and that these deeds were made to hinder, delay and defraud his creditors, and upon these averments prays for a cancellation of the deeds and a sale of the property to satisfy his demand. Upon this phase of the case, complainant · is a simple contract creditor, who is proceeding under section 3544 of the Code to reach assets which have been fraudulently conveyed by his debtor. Upon proof of these averments, the doctrine of estoppel would not apply. The complainant's right would not depend upon the validity of the conveyance to John F. White, but upon the fact that as to the creditor, there had been no valid conveyance. The rights of complainant under these two phases of the case are inconsistent with each other, and the relief wholly different.

There is still another ground of equity set up in the bill, in which relief is administered upon entirely different principles from either of the others, and that is, that the purchase money of the lands was paid by George White and the title taken in the name of Jennie G. White, and the bill prays that a resulting trust be de-

[Heinz v. White.]

clared in favor of George White, and the lands be sold for the benefit of complainant as his creditor. The equity invoked upon this theory of the bill is, that the debtor owns equitable assets, which can not be reached in a court of law. A resulting trust does not arise where the grantee of a fraudulent conveyance claims under the conveyance against the grantor. The conveyance may be void as to creditors, but it is valid between the parties, and there can be no resulting trust in favor of one against his grantee under a valid absolute conveyance of his entire interest. Equity will not intervene for the relief of a fraudulent grantor against his grantee, and a resulting trust does not arise, in a case where the party has no such interest as that he can assert in a court of law or equity.

The bill contains sufficient averments to sustain three separate bills, but on account of the inconsistent averments, and different character of relief to be granted in the one from that on the facts of the other, they can not be united in one bill.

We are of opinion that the allegations of actual fraud, if such was the intention of the pleader, are insufficient. The conveyances to Jennie White and John F. White were executed some nine or ten years before the debt to complainant was contracted. It is averred that the conveyances were upon a voluntary consideration. Voluntary conveyances are constructively fraudulent as against existing creditors. As to subsequent creditors actual fraud must be averred and proven. It is not incumbent to show that the parties intended to defraud the specific subsequent creditor. If it be shown that there were at the time of the conveyance, whether made upon a valuable or voluntary consideration, existing creditors, and the purpose was to defraud such creditors, this is actual fraud, and will render the conveyance void as to subsequent creditors, without further proof. A mere averment that the conveyance was made upon a voluntary consideration followed by an averment that it was made to hinder, delay and defraud the subsequent creditors fails to state facts which support the conclusion. If the bill shows that the debt of complainant was existing at the time of the conveyance, the law infers from these facts constructive fraud, and is sufficient. If the bill shows that the debt was subsequently contracted, there

43

[Heinz v. White.]

must be other averments of facts from which the law will infer actual fraud, and this necessity can not be supplied by a mere conclusion of the pleader.

Some of the grounds of demurrer were well assigned, and the court did not err in sustaining them.

The defects of the bill, its equity, and the character of relief to which complainant may be entitled, upon proof, have been considered and stated. It is presumed that complainant is familiar with the facts of his case, and fully informed as to such as can be established by evidence. The bill must be amended, as complainant may be advised, before he can proceed further with his case.

Affirmed.