# Prickett *v.* Prickett.

*Bill to Enforce Resulting Trust and for Alimony.*

(Decided June 30th, 1906. 42 So. Rep. 408.)

1. *Equity; Pleading; Bill; Multifariousness.*—A bill is multifarious and subject to demurrer, as such, that seeks to enforce a resulting trust in land, and, on independent averment, to have alimony decreed.

2. *Same; Venue; Mode of Objection; Demurrer.*—Where the bill affirmatively shows that the respondent is sued out of the county of his residence, the objection may be raised by demurrer.

3. *Same; Dismissal of Bill; Residence of Parties; Amendment.*—

Where the bill was originally to have a resulting trust declared in land, and to have alimony decreed, and it was filed in the county where the land was situated, and it was afterwards amended by eliminating the averment seeking to enforce the resulting trust, it was properly dismissed because not filed in the county where respondent resided.

APPEAL from Clay Chancery Court.

Heard before HON. W. W. WHITESIDE.

This is a bill to declare a resulting trust in land and for alimony pending an application for divorce. The facts are stated in the opinion of the court.

L. A. SANDERSON, for appellant.—The bill is not multifarious.—*Wilkerson v. Bradley*, 54 Ala. 677; *Andrews v. Jones*, 68 Ala. 117; *Stone v. Knickerbocker*, 52 Ala. 589. The object of the bill is single.—*Randle v. Byrd*, 73 Ala. 282; *Bolman v. Lehman*, 74 Ala. 507; *Carpenter and wife v. Hall*, 18 Ala. 439. The court had jurisdiction to grant the relief prayed.—*Driver v. Fortune*, 5 Port. 9; *Shelby's Case*, 84 Ala. 327; *Munford v. Pierce*, 70 Ala. 452.

KNOX, DIXON & BURR, for appellee.—The bill is multifarious and the demurrers are properly sustained.— 16 Cyc. 241; *Heinz v. White*, 105 Ala. 673. The court had no jurisdiction of the defendant so as to render a personal decree for alimony against him.—*Campbell v. Crawford*, 63 Ala. 392; *Murray v. Murray*, 84 Ala. 365.

DOWDELL, J.—The bill in this case, as originally filed, sought to enforce a resulting trust in land, and at the same time on independent averments sought to have alimony decreed to complainant out of the estate of the respondent, the husband of complainant. These were distinct and separate subjects, and in no way connected, the one with the other. The relief prayed for is likewise separate and distinct. The bill, therefore, was demurrable for multifariousness.—16 Cyc. p. 241; *Heinz v. White*, 105 Ala. 670, 673, 17 South. 185.

The bill was demurred to as multifarious, and this demurrer was confessed. The bill was then amended, but the amendment in no wise relieved the bill of this objec-

[Prickett v. Prickett.]

tionable feature, since both subjects were retained, and the prayer of the bill was unchanged. A demurrer to the bill as amended was then interposed, and sustained on the ground of multifariousness. The bill was then again amended to conform to the ruling on demurrer. The bill, as last amended, became one simply and alone by the wife for support and maintenance from the husband. The bill was brought in the chancery court of Clay county, and it affirmatively appeared in the bill that the respondent was a resident of Talladega county. Objection to the bill on this ground was raised by motion to dismiss, by demurrer, and by plea. The chancellor dismissed the bill, and this appeal is prosecuted from the decree dismissing the bill.

Where it affirmatively appears on the face of the bill that the respondent is sued out of the county of his residence, a demurrer is sufficient to raise the objection.— *Campbell v. Crawford,* 63 Ala. 392. As long as real estate remained as one of the subject-matters of the bill, the bill having been filed in the county where the land was situated, no objection could be taken to the bill on the ground that it was not filed in the county of the respondent's residence. Under the statute, when real estate is the subject-matter of the suit, "whether it be the exclusive subject-matter of the suit or not," the bill may be filed in the district where the same, or a material portion thereof, is situate.—§76, code 1896. The defendant, therefore, could not raise the question of jurisdiction until after the bill had been amended eliminating the real estate as a subject-matter of the suit. The chancellor properly dismissed the bill, and the decree will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.