# Singer *v.* Singer.

*Bill for Divorce and to Enforce Trust.*

(Decided Jan. 18, 1910.  51 South. 755.)

1. *Equity; Bill; Multifariousness.*—A bill is multifarious when it seeks relief as to two distinct subjects, having no connection with or dependence on each other.

2. *Same; Divorce; Trust.*—A bill by a wife seeking divorce and to require the husband to convey to her lands paid for with her money, is not multifarious, since the only two parties in interest are before the court, and there is no good reason why, the granting of the divorce and the determination of the wife's rights to the property in connection with the question of alimony, cannot be determined in the same proceedings.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Parrie Lou Singer against Irma H. Singer, for divorce and to have lands conveyed to oratrix because paid for with funds belonging to her. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

STROTHER, HINES & FULLER, for appellant.—The bill is clearly multifarious.—147 Ala. 494.

E. M. OLIVER, and CHARLES S. MOON, for appellee.— The court properly overruled demurrers to the bill.— 14 Cyc. 712 and 790; 16 Cyc. 274.

SIMPSON, J.—The bill in this case was filed by the appellee against the appellant, praying a divorce a vinculo, and also that the defendant be required to convey to her certain lands which had been paid for with funds belonging to the complainant, or that the court will divest the legal title to said lands out of the respondent, and vest the same in complainant. This appeal is from a decree overruling a demurrer to the bill.

The question of multifariousness in bills in equity has been perplexing to courts and text-writers; so much so that it has sometimes been said that no general rules can be made applicable to every case, but the circumstances of each case must largely govern the discretion of the court. We have recently considered the subject at some length, and referred to the general rules suggested by eminent text-writers.—*Bently et al. v. Barnes,* 155 Ala. 659, 663, 47 South. 159. The question comes up more frequently where there are several parties, variously interested in the matters of litigation, although it is a rule that, even where there is but one defendant, a bill is multifarious which seeks relief as to two distinct subjects having no connection with or dependence on each other. In our own case of *Heinz v. White,* 105 Ala. 670, 17 South. 185, the bill was held to be multifarious, because the facts averred were inconsistent, and the rights of the complainant under the two phases of the bill were inconsistent with each other, and the relief prayed was wholly different. In the case of *Truss*

*et al. v. Miller,* 116 Ala. 505, 22 South. 866, we said that, while multifariousness is not capable of accurate definition, "it is described generally as the joinder of distinct and independent matters, thereby confounding them; or the uniting, in one bill, of several matters perfectly distinct and unconnected against one defendant." In that case this court held that a bill which sought contribution from one joint maker of a note secured by a mortgage, and also that a portion of the land be declared subject to a vendor's lien, etc., was not multifarious.

The only cases referred to in the brief of the appellant is that of *Prickett v. Prickett,* 147 Ala. 494, 42 South. 408, and it is probably nearer to this case, in facts, than any case we have. The bill in that case "sought to enforce a resulting trust in lands, and, at the same time, on independent averments, sought to have alimony decreed to complainant out of the estate of the respondent." This court said: "These were distinct and separate subjects, and in no way connected the one with the other. The relief prayed for is likewise separate and distinct. The bill, therefore, was demurrable for multifariousness." That was not a bill for divorce, but sought to have a resulting trust declared in the land, and also to compel the husband to provide for the maintenance and support of his wife.

In the case of *People v. Morrill,* 26 Cal. 336, the bill prayed that a patent (from the state) be canceled, that one of the defendants be enjoined from prosecuting certain suits for taking asphaltum from the land, and from removing asphaltum. The court said that the objection of multifariousness "is in many cases a matter of discretion, and no general rule can be laid down on the subject. * * * The parties are all interested in the principal question raised by the complaint; the issues ten-

dered are simple, and foreshadow no embarrassment to
a convenient and orderly trial; and by the joinder ob-
jected to a multiplicity of suits has been avoided."—
Page 631. The bill was consequently held not multifa-
rious.

In a case in the New Jersey Chancery Court, where
it was sought to prosecute in the same action a claim
against the executor and against the estate, the court
said: "No general rule defining what causes of action
may properly be joined, and what cannot, can be laid
down. The question is always one of convenience in
conducting a suit, and not of principle, and is address-
ed to the sound discretion of the court (citing cases).
If it appears that the causes of action or claims are so
dissimilar or distinct in their nature that they cannot
be heard and determined together, but must be heard
piecemeal—first one and then the other—a clear case of
misjoinder is presented; but where a complainant has
two good causes of action, each furnishing the founda-
tion of a separate suit, one the natural outgrowth of the
other or growing out of the same subject-matter,
*   *   * and the suit has a single object, they may be
properly joined, and the objection of multifariousness
or misjoinder will not be sustained"—citing authori-
ties.—*Ferry & Akin v. Laible,* 27 N. J. Eq. 146, 150.

In another case, in the same court, in which the wid-
ow set up an equitable estate in the lands of her hus-
band's estate, and prayer also, in the alternative, that
dower be assigned for her in the same, the court said:
"But the court not only may, but must of necessity, in-
quire of what estate the husband died seised, and this
involves an inquiry into the nature and character of the
husband's right to the estate. * * * An objection to a
bill on the ground of multifariousness frequently re-
solves itself into a question of expediency. On the one

hand, the bill should be sufficiently extensive to answer the purposes of complete justice; on the other hand, distinct and independent matters are not to be united in the same bill. These matters in this bill are not so distinct and independent as technically to constitute the vice of multifariousness."—*Rockwell v. Morgan,* 13 N. J. Eq. 384, 385, 386.

It is stated that "the rule in equity has always been that property shall be restored to the wife, upon a dissolution of the marriage, because of the husband's misconduct, which belonged to her at the time of the marriage, and which the husband had secured by unfair means to be vested in him (14 Cyc. 790) ; also, that "Ordinarily an application for a restoration or division of property may be made separately or be included in the petition for divorce" (14 Cyc. 792, 793).

Some of the cases referred to in the text cited seems to rest upon a statute (*Meehan v. Meehan,* 2 Barb. (N. Y.) 377 ; *Holmes v. Holmes,* 4 Barb. (N. Y.) 295.) ; but in the case last cited the point was made that the statute provided only for the case of a divorce a vinculo, and was not applicable to a cause of divorce a mensa, and the court says: "I understand that courts of equity, in cases of divorce or separation, independent of the statute referred to, have the power of restoring to the wife the whole or a portion of her property, and of restraining the husband from receiving gifts or legacies to her after such divorce of separation."—Pages 297, 298.

The Supreme Court of Mississippi held that on a divorce a vinculo "the property which he obtained by marriage will be decreed to the wife" (*Tewksbury v. Tewksbury,* 4 How. (Miss.) 109, 113) ; but the case upon which this case is based seems to be incomplete in the book, and does not decide the point.

The Supreme Court of Texas holds that in granting a divorce the court may make a division of the community property; but that seems to be based on a statute, and probably results from the law in regard to community property in that state.—*Trimble v. Trimble,* 15 Tex. 18.

The supreme Court of Wisconsin seems to take it as a matter of course that, in granting a decree for divorce, the court will render a judgment for the return to the wife of her separate money and property.—*Pauly v. Pauly,* 69 Wis. 420, 424, 34 N. W. 512.

The Supreme Court of Tennessee decreed a divorce and that the wife's property (which the husband had promised to settle on her, but had not) be restored to her.—*Sharp v. Sharp,* 2 Sneed. 496, 500.

One of the grounds of equitable jurisdiction is to avoid a multiplicity of suits, and where the only two parties interested are before the court, and there is no repugnancy, and no mixing of incongruous subjects, there seems to be no reason why it should be necessary to have two suits. In fact, in the present case, there is no question about the right to provide alimony, and, in order to act intelligently on that question, it is necessary that the court ascertain what property the husband has and what property the wife has, and if the point is raised that certain property, standing in his name, really belongs to her, it seems that this is the most convenient and appropriate time and way to settle that matter, in order that complete justice may be accomplished.

The decree of the chancellor is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.