(106 So. 397)

**ROLLAND v. ROLLAND.** (5 Div. 931.)

(Supreme Court of Alabama. Dec. 3, 1925.)

1. **Husband and wife** ⚖️296—Bill for support and maintenance held to contain equity.

Bill for support and maintenance *held* not demurrable as containing no equity.

2. **Husband and wife** ⚖️296—Bill for support and maintenance held to sufficiently show that parties were residents of county.

Allegations in bill for support and maintenance as to residence of complainant and respondent, though they might have been more formal and precise, *held* sufficient to show that both parties were residents of county.

3. **Husband and wife** ⚖️296—Bill for support and maintenance held not demurrable for failure to allege that separation took place in county.

Bill for support and maintenance *held* not demurrable on ground that it did not allege that separation took place in county.

4. **Equity** ⚖️148(3) — Bill for support and maintenance, if joined with bill to enforce resulting trust in land, demurrable for multifariousness.

A bill for support and maintenance cannot be joined with bill to enforce a resulting trust in land, and independent allegations in latter aspect render bill multifarious, and subject to demurrer on that ground.

5. **Equity** ⚖️148(3)—Court may permit joinder of bill for divorce with bill to enforce resulting trust in land.

Court in its discretion, and on grounds of expediency and policy, may permit joinder of bill for divorce with one to enforce resulting trust in land, and will deny objection of multifariousness.

6. **Equity** ⚖️148(3)—Particular bill for support and maintenance, wherein it was sought to enforce resulting trust, held demurrable for multifariousness.

Bill for support and maintenance, wherein it was sought to enforce resulting trust in land purchased by respondent on ground that portion of purchase price was received from sale of land belonging to complainant, *held* demurrable for multifariousness.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Bill in equity by Mary Rolland against D. J. Rolland. From a decree overruling demurrer to the bill, respondent appeals. Reversed, rendered, and remanded.

The bill avers:

"That complainant resides in Chilton county, Ala., and has resided there for more than 3 years last passed, and is over the age of 21 years. That respondent is over the age of 21 years, and has resided in Chilton county, state of Alabama, for more than the last passed 3 years. That the relation of husband and wife existed between the complainant and the respondent, and that they have been husband and

---

wife for a great number of years next before the filing of this bill of complaint, and such relation existed between them until, to wit, the 25th day of July, 1923. On said date, or shortly prior to that time, the respondent abandoned your oratrix, and has continued such abandonment since said date. Complainant avers that respondent abandoned her on said date without just or legal cause. Complainant further shows to the court that she has no property in her own right except one cow, and has no other source from which she could derive any income. Complainant further shows to the court that respondent is an able-bodied man, and makes a good income from farming and as a carpenter. Complainant further shows that respondent owns 120 acres of good farming land in this county, and that part of said purchase price paid by said respondent for said 120 acres of land was received by this respondent through the sale of 40 acres of land, which your complainant originally owned, and that was deeded to her by her mother."

The prayer of the bill is: (1) For an allowance for maintenance pending the suit; (2) for a decree directing the register to convey to complainant "part of said 120 acres of land," or, in lieu thereof, a decree directing him to sell said land for division between these parties; and (3) for a proper allowance for permanent support; and (4) for general relief.

The special grounds of demurrer to the bill are: (1) There is no equity in the bill; (2) it is multifarious; (3) it does not show that either complainant or respondent were residents of Chilton county when the bill was filed; and (4) the bill shows a want of jurisdiction, in that it does not allege that respondent was a resident of Chilton county when the bill was filed, nor that the alleged separation took place in Chilton county.

The trial court overruled the demurrer, and the appeal is from that decree.

J. B. Atkinson and G. C. Walker, both of Clanton, for appellant.

A bill seeking alimony and a resulting trust in land in multifarious. Prickett v. Prickett, 147 Ala. 494, 42 So. 408; 16 Cyc. 241: Heinz v. White, 105 Ala. 670, 17 So. 185.

Victor J. Heard, of Clanton, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1-3] As a bill for support and maintenance, the bill here exhibited clearly contains equity, and is not subject to any of the grounds of demurrer.

[4, 5] While the allegations as to the residence of complainant and of respondent might have been more formal and precise, we think it sufficiently appears that both parties were residents of Chilton county when the bill was filed. It has been settled, however, that a bill like this—for support and main

tenance merely—cannot be joined with a bill to enforce a resulting trust in land, and that independent allegations and prayer in the latter aspect render the bill multifarious and subject to demurrer on that ground. Prickett v. Prickett, 147 Ala. 494, 42 So. 408. Where the bill is for divorce, on the other hand, it has been settled, upon grounds of expediency and policy, that the discretion of the court will permit such a joinder, and will deny the objection of multifariousness. Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102.

[6] On the authority of Prickett v. Prickett, supra, we are constrained to hold that the bill in this case is multifarious, and that the demurrer, as to that ground, should have been sustained.

The decree will therefore be reversed and a decree will be here rendered sustaining that ground of the demurrer, and remanding the cause for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.