154 So. 909

### MANDELCORN v. MANDELCORN.
6 Div. 502.

Supreme Court of Alabama.
May 17, 1934

F. R. Mathews and Howard H. Sullinger, both of Bessemer, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

KNIGHT, Justice.

Bill by the wife, appellee, against appellant for divorce upon the ground of cruelty, and for the custody of a child, the product of the union, and also for alimony, pendente lite and permanent, together with counsel fees.

There was demurrer to the original bill, but, before the same was passed upon by the court, the complainant amended her bill, and thereafter the respondent demurred to the "bill as last amended and to paragraph 5B thereof," assigning separately and severally, each ground of demurrer theretofore assigned to the third paragraph of the original bill of complaint, and additional grounds.

The decree recites that the cause was submitted on the demurrer of the respondent to the bill of complaint, as amended, and a decree was duly entered overruling "said demurrer." From the decree the appellant has brought this appeal.

The appellant's first assignment of error refers to the action of the court in overruling his demurrer to the original bill of complaint. There was neither a submission, nor a decree upon the demurrer to the original bill, and, therefore, there is no basis in fact for said assignment, and it must be disregarded.

The demurrer filed to the amended bill was directed to the bill as a whole, and to paragraph 5b thereof.

It is not here insisted that the bill, as one for divorce, does not contain equity, nor, in that respect, was defective in any particular. The court, therefore, properly overruled the demurrer directed to the bill as a whole. Wood v. Estes, 224 Ala. 140, 139 So. 331; City of Anniston v. Anniston Office Building Co. et al., 227 Ala. 180, 149 So. 93; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; American Traders' Nat'l Bank v. Henderson, 222 Ala. 426, 133 So. 36; Thompson v. Brown, 200 Ala. 382, 76 So. 298; National Union Fire Ins. Co. v. Lassetter et al., 224 Ala. 649, 141 So. 645.

Appellant here argues in brief that the bill was defective and subject to demurrer in so far as it sought alimony, pendente lite and permanent, and for the custody of the child. But the demurrer filed to the bill as amended, and upon which the decree was rendered, was not directed to these particular phases of the amended bill, and hence its sufficiency in

these respects was not challenged. Wood v. Estes, supra.

However, the respondent did demur to paragraph 5b of the bill as last amended, and to the relief sought under that phase of the case.

It is here argued that the relief sought under paragraph 5b was a "rank departure" from the original bill and rendered the bill multifarious; that the bill as amended "seeks to divest title in certain property out of respondent and invest the same in complainant, when by the original cause of action she would be entitled to have an allowance merely out of the estate of respondent"; and that it "does not appear with sufficient certainty what right or interest the complainant seeks to have established and vested in her, so far as the personal property is concerned."

It may well be conceded that the bill, in so far as it seeks to have the title to the real estate divested out of respondent and vested in the complainant, is too indefinite and omissive in its averments as to the location and description of the property, as to the complainant's right to such a decree, and as to the necessity of so providing for the welfare of complainant after the divorce; and as to the pecuniary condition of the complainant and respondent, to justify a decree which would denude this respondent of his land, yet the demurrer does not point out these defects. We can only consider the objections pointed out by demurrer. Code, § 6553; Deslaudes v. Scales et al., 187-Ala. 25, 65 So. 393; Buell v. Miller, 224 Ala. 566, 141 So. 223; Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505.

■ We do not think there is any merit in appellant's contention that the amendment was a departure from the case made by the original bill, or served to render the bill multifarious.

Appellant, to sustain his contention that the amendment rendered the bill multifarious, relies largely upon the case of Prickett v. Prickett, 147 Ala. 494, 42 So. 408.

The bill in the Prickett Case, as originally filed, sought to enforce a resulting trust in land, and at the same time, on independent averments, sought to have maintenance money decreed to complainant out of the estate of the husband. It did not make out a case for divorce. The court, in that case, held that the relief sought was based upon distinct and separate subjects, and in no way connected the one with the other; that the relief prayed for was likewise separate and distinct; and, therefore, held the bill was subject to demurrer for multifariousness.

However, since the decision in the Prickett Case, supra, the statutory rule with reference to multifariousness has been amended, and much wider latitude is allowed in framing bills seeking different or inconsistent relief. No doubt had the present statutory rule been in force at the time of the decision in the Prickett Case, a different result would have been reached.

We can see no possible objection to the settlement of all matters involved in this litigation between the husband and wife in the one suit. It would be unnecessary and vexatious to require the complainant to bring a new suit or additional suit to adjust property rights existing between herself and husband, when such matters can be conveniently disposed of in the present litigation. And, in this, we are not without authoritative expression sustaining this view.

■ We are not unmindful of the fact that the question of multifariousness in bills in equity has been the prolific source of much perplexity to courts and text-writers. No general rule can be applied in every case, but the circumstances of each case must in a large measure direct and govern the discretion of the court.

In the case of Ferry v. Laible, 27 N. J. Eq. 146–150, it was held that where a complainant has two good causes of action, each furnishing the foundation for a separate suit, one the natural outgrowth of the other or growing out of the same subject-matter, and the suit has a single subject, they may be properly joined.

In 14 Cyc., p. 790, it is stated: "The rule in equity has always been that property shall be restored to the wife upon dissolution of the marriage because of the husband's misconduct, which belonged to her at the time of the marriage and which the husband had secured by unfair means to be vested in him." And, "ordinarily an application for a restoration or division of property may be made separately or be included in the petition for divorce."

In the case of Tewksbury v. Tewksbury, 4 How. (Miss.) 109, 113, it was held that on a divorce, a vinculo, the property which the husband obtained by marriage will be decreed to the wife.

In the case of Sharp v. Sharp, 2 Sneed, 496, 500, the Tennessee Supreme Court decreed a divorce, and that the wife's property be restored to her.

The case of Singer v. Singer, 165 Ala. 144, 51 So. 755, 757, 29 L. R. A. (N. S.) 819, 138

Am. St. Rep. 19, 21 Ann. Cas. 1102, was one in which the wife sued for a divorce, a vinculo, and also that the defendant—husband—be required to convey to her certain lands which had been paid for with funds belonging to her, or that the court divest the legal title to said lands out of the defendant, and vest the same in the complainant. The respondent demurred to the bill upon the ground that the same was multifarious. This court held that the bill was not multifarious. In that case the court, speaking through Mr. Justice Simpson, said: "One of the grounds of equitable jurisdiction is to avoid a multiplicity of suits, and where the only two parties interested are before the court, and there is no repugnancy, and no mixing of incongruous subjects, there seems to be no reason why it should be necessary to have two suits. In fact, in the present case, there is no question about the right to provide for alimony, and, in order to act intelligently on that question, it is necessary that the court ascertain what property the husband has and what property the wife has, and if the point is raised that certain property, standing in his name, really belongs to her, it seems that this is the most convenient and appropriate time and way to settle that matter, in order that complete justice may be accomplished."

In reaching the above conclusion, the court did not overlook our former holding in the Prickett Case, supra. The court differentiated the Singer Case from the Prickett Case by pointing out that the latter case was not one for divorce, but was one seeking to have a resulting trust declared in the land and to compel the husband to provide for the maintenance and support of the wife.

In the case of Rolland v. Rolland, 214 Ala. 65, 106 So. 397, 398, it was said: "Where the bill is for divorce, on the other hand, it has been settled, upon grounds of expediency and policy, that the discretion of the court will permit such a joinder [to declare a resulting trust and for divorce], and will deny the objection of multifariousness."

We therefore hold that the bill was not multifarious.

In the bill as amended—paragraph 5b—it is averred that the respondent is the proprietor of a mercantile business in the city of Bessemer; that the goods, wares, and merchandise in said business were bought with complainant's money and with proceeds of "the sale of goods in said store purchased by the respondent with complainant's money; that the respondent has used about $3,000.00 of complainant's money at different times during the last two or three years for the purpose of purchasing goods, wares and merchandise for sale in said store; that a part of the goods so purchased are now on hand at said store, and practically the entire stock of goods now on hand and in possession of the respondent in said store were purchased by him during the last two or three years with respondent's money, or with the proceeds of sale of goods purchased by respondent with complainant's money."

The specific prayer of the bill, with respect to said goods, is that the respondent "be required to convey to the complainant said stock of goods, wares and merchandise which has been paid for with said funds belonging to complainant or purchased with proceeds of the sale of said goods, wares and merchandise purchased with funds belonging to the complainant, or that the court will divest the legal title to said goods, wares and merchandise out of said respondent and vest the same in complainant."

The bill contains a prayer for general relief.

It seems to be the settled doctrine that a resulting trust will be decreed in favor of the wife when the husband invests her moneys in property, taking the title in himself, and this doctrine applies alike to personal and real property. Pomeroy's Eq. Jur., vol. 3, § 1038.

That the doctrine applies to personal property, is held in the case of Culver v. Guyer, 129 Ala. 602, 29 So. 779, 781.

In the Culver Case, supra, the defendant had in his hands $404.60 of the complainant's money. This money the defendant invested without complainant's authority in the purchase of a horse, which was then in defendant's possession, and in the purchase of three mules. The mules had been sold by the defendant, and he had taken notes and mortgages from the purchasers to secure the payment of the purchase money. The bill prayed, among other things, that if the money had been invested in property or securities, a lien be declared and enforced against such property or security.

This court, on appeal, held that the bill contained equity, and in concluding his opinion in the case, McClellan, C. J., observed: "The excess of money received by the respondent on the policy beyond what he paid complainant for it, or beyond the debt which complainant owed him, secured by the policy, as the case may be, having been received by respondent in trust for complainant, it is elementary that complainant can follow the fund

into whatever property respondent has converted it, and subject such property.

"Of course, the fact of conversion into other property, and the identity of the other property sought to be subjected with that into which the conversion was made, must be proved to the reasonable satisfaction of the court; and we concur with the chancellor that a part of the fund here in question was invested by respondent in the horse now in possession of the receiver, and in other live stock which was sold by respondent, and for the price of which he took the securities now in the hands of the receiver."

We are, therefore, of the opinion, and so hold, that the complainant, under the averments of her amended bill, states a case entitling her to impress a trust upon the goods purchased by the husband with her money and upon such of the goods as were purchased with the proceeds of the sale of such goods as were purchased with her funds, and, under the general prayer of her bill, she is entitled to have the amount of her money invested by her husband in said goods, wares, and merchandise judicially ascertained, and to a decree of the court directing the sale of the goods, so impressed with a trust in her favor, sold in satisfaction of her demand.

The decree of the court, in overruling the respondent's demurrer to the bill as a whole, and to paragraph 5b thereof, as for any grounds of demurrer assigned, and here argued, is free from error, and is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.