162 So. 102

**HARRIS v. HARRIS.**

**4 Div. 810.**

Supreme Court of Alabama.

May 9, 1935.

Rehearing Denied June 6, 1935.

A. G. Seay, of Troy, for appellant.

Wilkerson & Brannen, of Troy, for appellee.

See, also, Ex parte Harris, 228 Ala. 88, 152 So. 449.

**510**

BROWN, Justice.

This is a bill filed by the wife against the husband for divorce and alimony, and to establish and enforce a resulting trust in certain described lands to the extent of one-tenth interest therein alleged to have been purchased by the husband with funds belonging to the wife.

It is not necessary to authorize the granting of a divorce to the wife on the ground of "cruelty" that she allege and prove that the husband has committed actual violence on her person attended with danger to life or health. Averments which show a course of conduct on the part of the husband creating reasonable apprehension of such conduct, and from such conduct the complainant has "reasonable apprehension" that he will commit such violence on her person attended with danger to her life or health, are sufficient. Code 1923, § 7409, as amended by Gen. Acts 1933, Ex. Sess., p. 142; Farmer v. Farmer, 86 Ala. 322, 5 So. 434; Wood v. Wood, 80 Ala. 254; Hughes v. Hughes, 19 Ala. 307.

The averments of the bill are clearly sufficient to uphold the jurisdiction of the court to grant the relief, and while the evidence, in some respects, is in sharp conflict, we concur in the conclusion of the trial court that the averments of the bill are sustained by the evidence and the complainant is entitled to relief.

The evidence shows that the defendant is a prosperous farmer, and that his estate consisting of real estate and personalty, mostly baled lint cotton which he has been holding for ten years, is worth upward of $20,000; that the wife's only holdings are a one-tenth interest in a tract of 295 acres which she inherited from her father's estate, and money which she received from her father's estate amounting to $710, invested by the respondent in the purchase of another tenth interest in the wife's ancestral estate, taking the deed to himself; that the income from her separate estate is about $40 per annum. In these circumstances we are not of opinion that the allowance of $6,500 as permanent alimony was excessive, and in view of the effect of the decree dissolving the marriage bonds, we concur in the conclusion of the trial court that it was to the interest of both parties to require same to be paid in a lump sum. Jeter v. Jeter, 36 Ala.

391; Sharrit v. Sharrit, 112 Ala. 617, 20 954.

The decree, in so far as it declared a resulting trust in the one-tenth interest in the lands purchased with the wife's inheritance, is in accord with the rule of our cases. Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L. R. A. (N. S.) 419, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102; Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A. L. R. 322.

The evidence shows that the daughter —the youngest child—whose custody is committed to the mother, will become of age in June of this year; therefore, we deem it unnecessary to discuss the assignment of error questioning the decree in this respect.

This disposes of all the questions argued. The decree of the circuit court is free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.