170 So. 767

## STEPHENS v. STEPHENS.

### 2 Div. 84.

Supreme Court of Alabama.
Nov. 19, 1936.

W. W. Patton, of Livingston, for appellant.

Geo. O. Miller and Ira D. Pruitt, both of Livingston, for appellee.

THOMAS, Justice.

This suit was for a divorce, alimony pendente lite, permanent alimony, and attorneys' fees, which were allowed by the court pursuant to the report of the register.

The trial was on the evidence taken ore tenus before the judge rendering the decree, and the usual presumption obtains. Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171, and authorities cited.

The averments that respondent committed acts of violence on appellee's person, attended with danger to her life or health, or from his conduct there was reasonable apprehension of such violence, state a cause of action within the statutes. General Acts 1933, Ex.Sess. p. 142; Code, § 7409; Harris v. Harris, 230 Ala. 508, 162 So. 102; Sharp v. Sharp, 230 Ala. 539, 161 So. 709.

The defenses were that respondent used no unusual or unnecessary force, and the alleged adultery of the wife, from which conduct he was returning her to his home. Code, § 7413. The rule that has long prevailed in this jurisdiction as to the proof of adultery was aptly stated by Judge Stone in Mosser v. Mosser, 29 Ala. 313, 317, 318, as follows:

"A respectable author, Shelford on Marriage and Divorce, p. 405, has well said, 'Adultery, being an act of darkness and of great secrecy, can hardly be proved by any direct means;' and 'that presumptive evidence alone is sufficient proof.' The same author says, quoting from Lord Stowell, 'It is a fundamental rule of evidence upon this subject, that it is not necessary to prove the direct fact of adultery.'—Ib. 'The only general rule that can be laid down on the subject is, that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion.'—Shelf. on Marriage and Divorce, p. 406. In one case, it was held, that 'adultery may be inferred from the general cohabitation of the parties, without proof of particular facts, although the parties have separate beds.'—Loveden v. Loveden, 2

Hagg.Cons.R. 4. The court, says Lord Stowell, 'will judge of facts as other men of discernment, exercising a sound and sober judgment on circumstances that are duly proved before them.'—See, also, Poynter on Marriage and Divorce, 188–9. In our own court, the subject has been under discussion. In Richardson v. Richardson, 4 Port. 467, 30 Am.Dec. 538, Justice Henry Goldthwaite announced the rule that 'the fact is inferred from circumstances, that lead to it by fair inference as a necessary conclusion.' The question came again before the court in Collins v. State, 14 Ala. 608, upon an indictment for adultery; and the court held the conviction right, though founded on circumstances, without proof of the direct fact.—See, also, State v. Glaze, 9 Ala. 283; State v. Crowley, 13 Ala. 172."

This rule was approved and followed in Jeter v. Jeter, 36 Ala. 391; Coleman v. Coleman, 198 Ala. 225, 73 So. 473, and is, in fact, the rule of the English decisions. Loveden v. Loveden, 2 Hagg. 1, 4 Eng.Ec. Rep. 461. See, also, Richardson v. Richardson, 4 Port. 467, 30 Am.Dec. 538; State v. Crowley, 13 Ala. 172. In Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685, the rule of such matter is that the facts and circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion of guilt, and not a harsh and intemperate judgment moving upon circumstances and appearances that are susceptible of a contrary interpretation; that is, the fact of adultery may be inferred from circumstances leading to it as a necessary conclusion. Morrison v. Morrison, 95 Ala. 309, 10 So. 648.

It was declared in Stabile v. Stabile, 203 Ala. 635, 84 So. 801, that where, in a suit for divorce, both parties prove a ground for divorce, the suit will be dismissed on appeal, but, "in view of the circumstances and extreme youth of wife when she married defendant, dismissal will be without prejudice"; that is, that reciprocal grounds defeat the suit.

However this may be, the trial court has determined the issues of fact in favor of the appellee, after seeing and hearing the witnesses—the evidence being given ore tenus.

The testimony has been carefully examined, and, within the rules that obtain, held sufficient to sustain the decree of divorce, alimony, and allowances to the wife for her attorneys. Harris v. Harris; Sharp v. Sharp, supra; Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.