24 So.2d 136

**ROBERTS v. ROBERTS.**

6 Div. 394.

Supreme Court of Alabama.

Dec. 20, 1945.

Beddow, Ray & Jones, of Birmingham, for appellant.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellee.

FOSTER, Justice.

█ This is an appeal from a decree overruling a demurrer to a bill in equity. There are two over-all aspects to the bill. In one it seeks a divorce and alimony, and the other is for collateral relief respecting property and property rights and controversies subsisting between them with no others interested. The demurrer is addressed to the bill as a whole, and attacks the sufficiency of the allegations setting up the ground for divorce, and is on the ground further that the bill is multifarious in connecting the collateral matters with the claim for a divorce, and that the separate collateral matters are insufficiently pleaded. Being addressed to the whole bill, if any aspect is good, the demurrer was properly overruled. McMahon v. McMahon, 170 Ala. 338, 54 So. 165, unless it is multifarious and the demurrer raises the point. Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A.L.R. 322.

So considered, we observe that in our opinion the allegations on which a divorce is sought are not subject to demurrer. The bill alleges that in the language of section 22, Title 34, Code, "respondent committed actual violence on the person of your complainant attended with danger to her life and health or that from his conduct your complainant was caused to have reasonable apprehension of such violence." Those allegations alone are not sufficiently definite under the statute to constitute good pleading on demurrer properly assigned, although they would be sufficient on collateral attack to sustain the jurisdiction of the court. But the bill of complaint goes further and alleges "that such violence committed by the respondent on her person consisted in the respondent hitting her on her face, neck and shoulders with his hand or fist."

██ As we view our authorities upon the subject they require more than a use of the language of the statute when considered on apt demurrer, but do not require great particularity as to detail, alleging time and place. Ratcliff v. Ratcliff, 209 Ala. 377, 96 So. 422. But it is necessary to give some detail of what is alleged to be violence to her person when actual cruelty is the ground on which the bill is based, and a demurrer is properly assigned.

█ While these allegations are about as meager as they could be, we are still of the opinion that they are not insufficient under the statute, and that this ruling is consistent with our cases. Smedley v. Smedley, 30 Ala. 714; Carr v. Carr, 171 Ala. 600, 55 So. 96; Ratcliff v. Ratcliff, supra; Littleton v. Littleton, 224 Ala. 103, 139 So. 335; Brown v. Brown, 219 Ala. 104, 121 So. 386; Tidmore v. Tidmore, 245 Ala. 149, 16 So.2d 319; Williams v. Williams, 239 Ala. 162, 194 So. 507.

A distinction must be noted between the sufficiency of the bill to state a cause of action when there is no demurrer, as in Stephens v. Stephens, 233 Ala. 178, 170 So. 767, and Sharp v. Sharp, 230 Ala. 539, 161 So. 709, and when there is a demurrer as in Ratcliff v. Ratcliff, supra.

█ There is also a demurrer addressed to the bill because it is multifarious, and that was properly addressed to it as a whole. But it is our view that the bill when properly considered is not multifarious, and therefore is not subject to demurrer on that ground.

█ It has been for a long time settled in this State that when a bill is filed in equity seeking a divorce and alimony, the court may grant full collateral relief between the complainant and respondent where other parties are not involved concerning their individual property rights, whether legal or equitable, and the bill so seeking is not multifarious. So that the decree when rendered will settle all controversies between them as to divorce and alimony and property rights. Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L.R.A., N.S., 1819, 138 Am.St.Rep. 19, 21 Ann.Cas. 1102; Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A.L.R. 322; Harris v. Harris, 230 Ala. 508, 162 So. 102; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

For the foregoing reasons, we think that the demurrer addressed to the bill as a whole was properly overruled both because of its sufficiency as one for divorce and because it is not multifarious, as we have stated.

But to the extent that grounds of the demurrer are predicated upon those allegations of the bill which relate to the separate transactions and controversies between them affecting their rights, we cannot give detail consideration because the demurrer is not addressed to those separate aspects of the bill. The demurrer was therefore

overruled·by the trial court without reversible error, and the decree is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.