27 So.2d 255

**COOK et al. v. COOK et al.**

**5 Div. 412.**

Supreme Court of Alabama.

July 25, 1946.

D. W. Jackson, of Lafayette, for appellants.

Will O. Walton, of Lafayette, for appellee Roach.

LAWSON, Justice.

The bill in this case was filed by Lucinda Cook, John J. Cook, and Herman W. Cook against John F. Cook and R. P. Roach. Demurrer interposed by respondent Roach was sustained and the complainants have appealed from that action of the trial court.

It appears that there are two over-all aspects to the bill. In one the complainant Lucinda Cook seeks a divorce a vinculo matrimonii from the respondent John F. Cook, together with permanent alimony, custody of the minor children and attorney's fees. In the other, all of the complainants seek an accounting from both respondents as to monies which they allege to be due them from the sale of the crop harvested from the farm owned by the respondent R. P. Roach and cultivated by the Cook family.

The allegations of the bill relative to the divorce and the relief incidental thereto are as follows:

"3. That on to-wit, August 8, 1945, the Respondent, John F. Cook, committed actual violence on the person of Lucinda Cook attended with danger to her life or health, or from his conduct there is reasonable apprehension of such violence."

"9. That Lucinda Cook has no property; that she needs assistance from her husband, John F. Cook, to support and educate their said three minor children; that John F. Cook received a purchase price from R. P. Roach for said crop; that he is a skilled carpenter working for the Shawmut Mill for $1.00 per hour; that she has employed an attorney to conduct this suit for her but has no money with which to pay him, and that the Respondents should be required to pay him a reasonable fee of not less than $100.00 for his services."

As to the other aspect, the averments of the bill are in substance as hereafter set out.

Lucinda and John F. Cook were first married in November, 1921, and were remarried in February, 1945. They have five children: John J., twenty-three years of age; Herman W., twenty-one; Velma, fourteen; Mildred, twelve; and Bobbie Ann, seven.

During a part of the year 1945 the family lived on a farm belonging to respondent R. P. Roach. The farm is described as a "two-horse farm." John J. and Herman W., together with their father, John F. Cook, worked on the farm in cultivating the crops. In addition to his labor, John J. helped finance the cultivation of the crop by contributing the sum of $187.50. The complainant, Lucinda Cook, the wife and mother, worked in the cotton mill during the planting and cultivating season, that is, from March 1, 1945, to August, 1945, earning from $30 to $40 per week, which she contributed toward feeding the family and financing the raising of the crop.

On August 8, 1945, a "row" occurred between members of the family, started, according to the allegations of the bill, by John F. Cook threatening to kill his wife, Lucinda. The two sons intervened on behalf of their mother, whereupon respondent John F. Cook, the father of the boys, secured "warrants" charging John J, with an affray and Herman W. with vagrancy. Lucinda Cook, the mother and wife, then "took out a peace warrant" against her husband, respondent John F. Cook. Respondent R. P. Roach, the owner of the farm upon which the family was living, thereupon "took out a warrant" against the complainant John J. Cook for killing his mule. Thereupon John F., the father and husband, "took out peace proceedings" against the complainants, as a result of which they were all confined in jail.

In order to have bonds made for their release, Lucinda and the two boys, according to the allegations of the bill, were compelled to agree with the respondents that they would all leave the farm which was owned by the respondent Roach. This they did.

Complainants tried to sell their interest or equity in the crop to each of the respondents, but neither of them would buy it, respondent John F. Cook claiming that he would stay on the farm, gather the crop and after deducting the cost of gathering, would divide the remainder with complainants.

Respondent R. P. Roach, according to the averments of the bill, claims that he purchased the crop from respondent John F. Cook shortly after the complainants removed from the farm and he refuses to make any settlement or accounting with complainants on the ground that they had no interest in said crop. The bill avers the amount of cotton, corn and potatoes which

was raised on the farm, one-half of which complainants claim belonged to the Cook family. Complainants aver that two-thirds of the work extended in producing the crop was by the complainants and the younger children, none of whom have received anything for their labors.

The demurrer is addressed to the bill as a whole. One of the grounds of the demurrer attacks the bill for multifariousness. Such ground was properly addressed to the bill as a whole. Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136.

The decree of the trial court does not designate the grounds of the demurrer which were considered to be well taken. But a demurrer is a single entity and if one ground is good, a decree sustaining the demurrer is correct. Webb v. Lamar, 235 Ala. 533, 180 So. 545.

It has often been stated that no universal rule in regard to multifariousness can be laid down to cover all possible cases. It is largely a matter of discretion, and every case, in a measure, must be controlled by what is convenient and equitable under its own particular facts, subject to recognized principles of equity jurisprudence. Ford v. Borders, 200 Ala. 70, 75 So. 398; Littleton v. Littleton, 238 Ala. 40, 188 So. 902.

The fact that a bill seeking divorce and alimony also seeks an adjustment of property rights between the parties does not render the bill multifarious. Roberts v. Roberts, supra; Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A.L.R. 322; Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L.R.A., N.S., 819, 138 Am.St. Rep. 19, 21 Am.Cas. 1102.

As a general rule the only necessary and proper parties to a divorce proceeding are the husband and wife, but where complainant also seeks a determination of property rights as against defendant and others claiming an adverse interest therein, such persons may be made parties respondent.

27 C.J.S., Divorce, § 90, p. 672; Hinds et al. v. Hinds, pro ami., 80 Ala. 225; Carter v. Carter et al., Ala.Sup., 27 So.2d 201.[1] As to the propriety of joining third persons in divorce actions, see notes to the case of Elms v. Elms, 4 Cal.2d 681, 52 P.2d 223, as reported in 102 A.L.R. 811.

In the instant case we have two separate and distinct causes of action. One is a suit between complainant Lucinda Cook for divorce and relief incidental thereto. Respondent Roach has no interest in that proceeding under the allegations of the bill except to the extent that he purchased some property from respondent John F. Cook. The complainants, John J. and Herman W. Cook, are not proper parties in so far as the divorce action is concerned. Henley v. Foster, 220 Ala. 420, 125 So. 662; Schlenker v. Ferdon, 21 Ohio App. 222, 153 N.E. 113. The other action is between all of the complainants and both respondents and has no connection whatsoever with the divorce proceedings. Its purpose is to have the court adjudicate the rights of the parties as to the proceeds derived from the sale of the crops produced on the farm cultivated by the Cook family. There is no singleness of purpose in the bill here under consideration so as to bring it within the principle dealt with in the cases of Allgood et al. v. Bains as Adm'r etc., 247 Ala. 669, 26 So.2d 98, and Anderton v. Hiter, 238 Ala. 76, 188 So. 904.

We consider the bill multifarious. We do not think that the issues of the case should be confused or perhaps prejudiced by combining in one suit separate and distinct causes of action, which are completely unrelated and wherein some of the parties are interested in one cause of action and totally unconcerned with the facts of the other. The trial court acted correctly in sustaining the demurrer to the bill. McClintock v. McEachin et al., 246 Ala. 412, 20 So.2d 711; Bentley et al. v. Barnes, 155 Ala. 659, 47 So. 159.

Affirmed.

All the Justices concur.

---

[1] Post, p. 251.