38 So.2d 339

## SPEEGLE v. SPEEGLE.

### 6 Div. 803.

Supreme Court of Alabama.

Jan. 20, 1949.

———◆———

W. Marvin Scott and Verbon E. Owen, both of Cullman, for appellant.

Earney Bland and Ralph Bland, both of Cullman, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity. There are two over-all aspects to the bill. In one it seeks a divorce and alimony, and the other is for collateral relief respecting property and property rights subsisting between them with no others interested.

The demurrer is addressed to the bill as a whole, and being so directed, if any aspect is good, the demurrer was properly overruled. Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136; Whatley v. Whatley, 248 Ala. 430, 27 So.2d 877.

There are grounds of the demurrer which attack the sufficiency of the allegations setting up the ground for divorce, namely, cruelty. The bill alleges in substantially the language of § 22, Title 34, Code of 1940, as amended, that "respondent committed acts of violence on her person, attended with danger to her life or health, or from his conduct, there was reasonable apprehension of such violence," and then goes further and alleges: "That on to-wit: May 26, 1948, the respondent assaulted and beat the complainant; respondent grabbed

complainant in angriness and threw her down on the bed and choked her. He fastened his thumb and fingers around her throat after he threw her down and while he was choking her, he told her that he would kill her. Complainant was praying and hollering for help and the respondent's daughter and daughter-in-law pulled him loose from her; and at the same time he cursed her, calling her a * * *. Complainant further alleges that about one month before the separation that the respondent in angriness cursed her, waving a butcher knife in her face, and told her that he would cut her * * * heart out. He had threatened her life on many different occasions, off and on, for about twelve months before the separation and continued to call her vile names. She became afraid of him and lived in fear from the conduct here described. Complainant became sick and weak from said described treatment, and from such treatment, she became nervous and suffered mentally and physically."

We are of the opinion that these allegations sufficiently charged cruelty and the bill is not subject to demurrer in that respect. Roberts v. Roberts, supra, and cases cited there; Hudson v. Hudson, 204 Ala. 75, 85 So. 282.

 It has long been settled in this state that when a bill is filed in equity seeking a divorce and alimony, the court may grant full collateral relief between the complainant and respondent concerning their individual property rights, whether legal or equitable, and a bill so seeking is not multifarious. Roberts v. Roberts, supra, and cases cited there.

To the extent the grounds of demurrer are predicated upon those allegations of the bill which relate to the property rights of complainant and respondent in certain property, we cannot give detailed consideration because the demurrer is not addressed to that aspect of the bill. The demurrer was therefore overruled by the trial court without reversible error, and the decree is affirmed.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.