55 So.2d 201

## TAYLOR v. TAYLOR.
### 2 Div. 294.
Supreme Court of Alabama.
Nov. 23, 1951.

448

Jas. S. Coleman, Jr., Eutaw, for appellant.

Wesley G. Beinert, Eutaw, for appellee.

LAWSON, Justice.

The appellee, Lois Taylor, filed her bill in the circuit court of Greene County, in equity, against her husband, Bennie Taylor, seeking a divorce *a vinculo matrimonii* and incidental relief. The husband filed his demurrer. The bill was amended and demurrer was interposed to the bill as amended. From a decree overruling his demurrer to the bill as amended, the husband, respondent below, has appealed to this court.

The ground on which appellee seeks a divorce is cruelty and the only insistence made on this appeal is that the averments of the bill are insufficient in that respect and that the grounds of the demurrer taking that point should have been sustained.

The bill alleges, in the language of § 22, Title 34, Code 1940, that "Respondent has committed actual violence on the person of Complainant, attended with danger to her life or health." The bill of complaint, as amended, goes further and alleges: "That on or about, to-wit, November 4, 1950, at the home of your Complainant and Respondent in Mt. Hebron, Greene County, Alabama, and while your Complainant and Respondent were alone in said home, the Respondent struck Complainant with his fists, chased her in and out of the house, and Complainant was afraid to stay in their home that night, and left said home, going to the home of Respondent's mother, where she remained that night. Respondent came to his mother's house and tried to make Complainant leave by pulling at her and dragging her from the house. Respondent struck Complainant with his fists on her head, and kicked her behind. Attempts to prevent Respondent's chocking [sic] Complainant were made by Respondent's mother and sister. Respondent's repeated acts of choking Complainant were stopped only when Respondent's brother was called upon to restrain him from doing so. Complainant left Respondent's mother's house on November 5, 1950, staying that night in the home of Respondent's brother, Dave Taylor."

The allegations sufficiently charge cruelty. Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136, and cases cited; Hudson v. Hudson, 204 Ala. 75, 85 So. 282.

The demurrer was correctly overruled. The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.