82 So.2d 556

**Howard William WOOD**

v.

**Katherine P. WOOD.**

**8 Div. 801.**

Supreme Court of Alabama.

Sept. 22, 1955.

Harold T. Pounders, Florence, for appellant.

Orlan B. Hill, Florence, for appellee.

GOODWYN, Justice.

Appellee filed a bill of complaint in the circuit court of Lauderdale County, in equity, against appellant seeking a divorce a vinculo matrimonii on the grounds of cruelty and also praying that the legal

title to certain land, household furnishings and appliances, towards the purchase of which appellee had paid her individual funds, be divested out of appellant and vested in appellee. The bill also seeks alimony and solicitor's fees. Appellee answered the bill, denying most of its material averments and making his answer a cross-bill. By the cross-bill he seeks a divorce from appellee on the ground of adultery.

This appeal is from the final decree granting a divorce to appellee and divesting out of appellant and vesting in appellee the title to said property, the decree providing that the property "is vested in complainant both in response to prayer to that effect in the bill of complaint and in response to general claims for alimony", subject to existing encumbrances.

■ Appellee makes the point that appellant's brief does not comply with Rule 9, Revised Rules of the Supreme Court, effective June 1, 1955, 261 Ala., Preface, pp. XIX, XXII, and for this reason should be affirmed. Rule 9 supersedes preexisting Rule 10, Code 1940, Title 7, Appendix, p. 1008. This rule, both old and new, among others, was adopted in aid of this court's consideration of errors relied on by the appellant for reversal. With respect to old Rules 10 and 11, prescribing the manner of preparing appellant's and appellee's briefs, we have said that they "were designed to serve useful and practical purposes, to enable this court to determine from the briefs of counsel whether there was error in proceedings in the court below, without making it necessary to explore the entire record." Schmale v. Bolte, 255 Ala. 115, 117, 50 So.2d 262; Stanley v. Beck, 242 Ala. 574, 577, 7 So.2d 276; New York Life Ins. Co. v. Mason, 236 Ala. 44, 49, 180 So. 775, at page 780. Patently present Rule 9 is designed for the same purpose.

■ It seems to us that the rules prescribing the manner of preparing briefs are clearly stated and that there should be no difficulty in complying with them. Although appellant's brief is not in strict compliance with the rules we are inclined to exercise our discretion in the matter and give consideration to it. Schmale v. Bolte, supra; Simmons v. Cochran, 252 Ala. 461, 463, 41 So.2d 579; Guy v. Lancaster, 250 Ala. 287, 290, 34 So.2d 499; Brothers v. Brothers, 208 Ala. 258, 259, 94 So. 175.

■ There appears to be no question as to the propriety of the wife seeking, in her bill for divorce a vinculo, to have the court divest the legal title to the property out of the husband and vest it in her. O'Bannon v. O'Bannon, 257 Ala. 246, 249, 58 So.2d 779; Speegle v. Speegle, 251 Ala. 525, 526, 38 So.2d 339; Roberts v. Roberts, 247 Ala. 302, 303, 24 So.2d 136; Coffey v. Cross, 185 Ala. 86, 93, 64 So. 95; Singer v. Singer, 165 Ala. 144, 149, 51 So. 755, 29 L.R.A.,N.S., 819, 138 Am.St.Rep. 19, 21 Ann.Cas. 1102.

It is thus stated in O'Bannon v. O'Bannon, supra [257 Ala. 246, 58 So.2d 782]:

"On account of the divorce which destroys her homestead and dower rights in her husband's property, and in lieu thereof and for her support, the court may award alimony either in money or property. It could very properly take into consideration the contentions made by her with respect to her contributions both in money and services in building the house. * *"

From Singer v. Singer, supra [165 Ala. 144, 51 So. 757] is the following:

"One of the grounds of equitable jurisdiction is to avoid a multiplicity of suits, and where the only two parties interested are before the court, and there is no repugnancy, and no mixing of incongruous subjects, there seems to be no reason why it should be necessary to have two suits. In fact, in the present case, there is no question about the right to provide for alimony, and, in order to act intelligently on that question, it is necessary that the court ascertain what property the husband has and what property the wife has, and if the point is raised that certain property, standing in his name, really belongs to her, it seems that this is the

most convenient and appropriate time and way to settle that matter; in order that complete justice may be accomplished."

 All of the evidence was taken orally before the trial judge. When that is the case, and the evidence is in conflict, the established rule, now so well-entrenched as to be axiomatic, is that his judgment will not be disturbed on appeal unless palpably wrong; his findings from the evidence being likened unto the verdict of a jury. Sills v. Sills, 246 Ala. 165, 169, 19 So.2d 521; Cairnes v. Cairnes, 211 Ala. 342, 343, 100 So. 317.

We have carefully considered the evidence and find that it is in conflict, both as to the charge of cruelty and as to the amounts paid by the wife towards the purchase of the property. We find no basis in the evidence for disturbing the trial court's decree. There is ample evidence to support it. With respect to the property, it is to be noted that the wife has worked continuously since her marriage to appellant in 1934, and thus has had her own separate funds to contribute to the purchase of the property, as she testified she did. The evidence shows that her pay approximated $40 a week while the husband's pay, until his injury about a year before the rendering of the decree, approximated $450 per month. There are no children involved and no allowance was awarded the wife out of the husband's future earnings or income. The award of the property to the wife was in gross and was in response both to the prayer to that effect in the bill, based on the allegation that her earnings had been "devoted largely towards the payment of the properties", and to the claim for alimony.

There is no objection, in a proper case, to making an allowance of alimony in gross. Under the alimony statute, Code 1940, Title 34, Section 31, the allowance to the wife may be made in gross, payable presently or in the future, or may be made payable in installments, or it may be a combination of both methods. Roubicek v. Roubicek, 246 Ala. 442, 449, 21 So.2d 244.

The real estate was shown to have a value of $5,000 to $6,000, against which there is an existing mortgage of about $2,000, and the household furnishings and appliances to have a value of about $2,000. We cannot say that this award in gross, under all of the circumstances of the case, was excessive.

The decree is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.